McDonald vs. Daniels.

McDonald vs. Daniels.

*October 6 — October 23, 1883.*

*Tax deed — Affidavit of non-occupancy — Fraud — Limitation of action.*

Where land sold for taxes was in fact unoccupied, the mere fact that the affidavit of non-occupancy upon which a tax deed was issued was made by a person who had no personal knowledge of the facts, will not prevent the running of the statute of limitations (sec. 1210d, R. S.).

McDonald vs. Daniels.

APPEAL from the Circuit Court of *La Crosse* County.

The case is thus stated by Mr. Justice CASSODAY:

" This is an action of ejectment, brought by the original owner against the tax-title claimant. Besides alleging the absolute ownership in fee simple, October 20, 1882, and since, the plaintiff avers, in effect, that the defendant claimed title and right to possession under a tax deed duly made, executed, and delivered to him in due form of law, duly attested by two subscribing witnesses, and duly acknowledged, so as to entitle the same to be recorded, and that the same was recorded November 25, 1878; that the defendant, being the owner of the tax certificates upon which the tax deed was issued, procured one Anderson, who had never seen and had no personal knowledge of any portion of the land, nor of the occupancy or non-occupancy thereof, to make an affidavit of non-occupancy, and that the same was made November 14, 1878, and stated in effect that the land had not been occupied nor in the possession of any one for thirty days within the six months immediately preceding the application for the deed; that the affidavit was made with the fraudulent intent to enable the defendant to fraudulently procure the tax deed; which facts were not discovered and were unknown to the plaintiff until April 1, 1883. To this complaint the defendant demurred, on the grounds (1) that the action was barred by sec. 1210*d*, R. S., as amended by ch. 250, Laws of 1882; (2) that the complaint failed to state a cause of action. From the order sustaining the demurrer the plaintiff appeals."

For the appellant the cause was submitted on the brief of *Silverthorn & Hurley*, and for the respondent on that of *Ryan & Curtis*.

For the appellant it was contended, *inter alia*, that sec. 1175, R. S., is mandatory, and a deed taken contrary to its provisions is void. *Potts v. Cooley*, 51 Wis., 353; *Haseltine v. Mosher*, id., 443; *Hilgers v. Quinney*, id., 62. This deed

was taken in fraud of that statute. The person making the affidavit committed perjury, even if the land was in fact unoccupied, because he did not know the fact. 1 Bishop on Crim. Law, sec. 524; *People v. McKinney*, 3 Parker Crim. Rep., 510; *Carpenter v. State*, 34 Am. Dec., 116; *Taylor v. Robinson*, 26 Wis., 545; *Morley v. Guild*, 13 id., 576. The affidavit was, therefore, not "proof" within the meaning of sec. 1175, R. S., and the grantee in the tax deed, having knowledge that the deed was procured by perjury, cannot derive any benefit from the fraudulent transaction. *Encking v. Simmons*, 28 Wis., 281; *Mather v. Hutchinson*, 25 id., 35; Kerr on Fraud, 288. The statute of limitations applicable to the case is the one applicable to actions for relief on the ground of fraud (R. S., sec. 4222, subd. 7), and in such cases the statute does not begin to run until the fraud is discovered. *McMahon v. McGraw*, 26 Wis., 622; *Encking v. Simmons, supra*.

CASSODAY, J. There is no allegation that any portion of the land was ever occupied. On the contrary, it must be inferred that it was unoccupied at the time of issuing the tax deed, and ever since. The deed, being in the requisite form and recorded, drew to the grantee the constructive possession of the land from the time of recording,— November 25, 1878. The action could not have been commenced until after April 1, 1883, for it is based upon facts alleged to have been subsequently discovered. Thus, it appears that the defendant was in the constructive possession of the land from November 25, 1878, to April 1, 1883. This being so, the case clearly comes within the provisions of sec. 1210*d*, R. S., as amended, unless the alleged fraud takes it out of the operation of that section.

It has frequently been held that the section runs in favor of the party who is in the actual or constructive possession of the land, and against the party who is out of such posses-

sion. *Knox v. Cleveland*, 13 Wis., 250; *Smith v. Sherry*, 54 Wis., 128–9. Here the sale was made in 1875 for the nonpayment of taxes theretofore levied, and hence, within the language of the section, it became necessary, to prevent the statutory bar, for the plaintiff to commence his action within nine months after the recording of the tax deed, and not thereafter. Did the mere fact that the affidavit of non-occupancy (though truthful) was made by one having no personal knowledge of the facts, prevent the running of the statute? It has often been held that to constitute a fraud appreciable in law, the false statement or fraud must operate injuriously to the party complaining. *Castleman v. Griffin*, 13 Wis., 535; *Barber v. Kilbourn*, 16 Wis., 485; *Foster v. Taggart*, 54 Wis., 394. Such are the cases cited by counsel for the plaintiff. In *Mather v. Hutchinson*, 25 Wis., 27, the deception prevented redemption. True, it has frequently been held that a fraudulent concealment of the cause of action takes a case out of the statute of limitations. *First M. T. Corp. v. Field*, 3 Am. Dec., 124, and cases there cited; *Encking v. Simmons*, 28 Wis., 281. But see *Freeholders v. Veghte*, 44 N. J. Law, 509. In the case at bar there seems to have been no fraudulent concealment. There is no allegation indicating that the plaintiff was ever misled by the affidavit being made by a person having no personal knowledge of the non-occupancy, instead of being made by one having such knowledge. It was the issuing and recording of the tax deed which gave the plaintiff his cause of action. He necessarily must have known that his land was vacant, and liable to be deeded for the nonpayment of taxes, without giving to him the notice required by sec. 1175, R. S.

There are many irregularities occurring in tax proceedings, prior to the execution of the tax deed, which, if raised in time, will avoid the deed; but to hold that a failure to discover such irregularities would prevent the running of the statute, would be, in effect, the annulling of the statute; for

such defects are seldom discovered until after the deed is issued. It was to prevent the raising of such issues, and to put the matter at rest after a given period, that the statute of limitation was enacted. *Knox v. Cleveland, supra; Smith v. Sherry, supra.* The irregularity here complained of does not seem to be any different in this respect. Besides, there are three exceptions to the provisions of sec. 1210*d* by sec. 1210*f.* They are (1) where the lands described in the tax deed were not liable to taxation; (2) where the taxes on such lands have been paid; (3) where the lands have been redeemed according to law. The last clause of sec. 1189, R. S., contains similar exceptions. These exceptions, from their nature, were each for the benefit and protection of the former owner, because, as stated in *Smith v. Sherry, supra,* they " were each evidently regarded as fundamental, and going to the very inception and groundwork of the tax proceedings." It is not necessary here to say, and we are not disposed to say, that the naming of these three exceptions excludes any and all fraud from preventing the running of the statute. Nevertheless, "it is a universal rule of construction, founded in the clearest reason," said Black, C. J., in *Sharpless v. Philadelphia,* 21 Pa. St., 161, "that general words in any instrument or statute are strengthened *by exceptions,* and weakened by enumeration." We must, therefore, hold that where the land is in fact unoccupied, as here, the mere fact that the affidavit of unoccupancy was made by one having no personal knowledge of the same, instead of a person having such knowledge, will not prevent the running of sec. 1210*d,* R. S.

*By the Court.*— The order of the circuit court is affirmed.