POTTS vs. COOLEY.

*January 17 — February 8, 1881.*

TAX DEED: NOTICE.   *Form of notice of application for tax deed.*

The statute provides that when a lot sold for taxes shall have been in the
actual occupancy and possession of any person other than "the owner
and holder" of the tax certificate, for thirty days within a certain speci-
fied period, a tax deed shall not be issued unless a written notice shall
have been served upon the owner or occupant of the lot, by the *holder*
of such certificate, stating that he is the *owner* of the certificate, and
that after the expiration of three months from such service a deed will
be applied for, etc. R. S., sec. 1175. *Held*, that a notice, otherwise
conforming to the statute, is insufficient if it states merely that the per-
son giving it is the *holder*, and not that he is the *owner*, of the
certificate.

APPEAL from the Circuit Court for *Portage* County.

This is an action to eject the defendant from a village lot in
Plover, on the ground that the plaintiff had title thereto by
virtue of two tax deeds from Portage county to him, — one
dated, executed and recorded September 1, 1879, and the other
at some other time not stated.   The defendant answered, deny-
ing the allegations of the complaint, and claiming title and
possession, and setting up an equitable counterclaim on the
ground that the plaintiff purchased the tax certificates upon
which the deeds were issued, under an agreement with the de-
fendant that they should be for his use and benefit.   A jury
was waived, and the case was tried by the court in March,
1880, when it was found that defendant had been in the actual
occupancy and possession of the lot for more than thirty days
within the six months immediately preceding the application
for the respective tax deeds, and that no affidavit sufficiently
showing the service upon the defendant of the notice required
and provided for by section 1175, R. S., was filed with the
county clerk before the issue of either of said deeds, and that
there was not any sufficient proof of such service so filed.   As

a conclusion of law it was held that both tax deeds were void; that the complaint was not proven; and that the defendant was entitled to judgment dismissing it. Plaintiff appealed from a judgment rendered in accordance with these findings.

The bill of exceptions does not purport to contain all the evidence, but expressly omits a large portion thereof.

The appeal was submitted on the brief of *G. W. Cate* for the appellant, and that of *Tracy & Bailey* for the respondent.

CASSODAY, J. The only error complained of is, that the court, contrary to the evidence, found that the notice of the application for the tax deed of September 1, 1879, and the proof of the service of the same, were insufficient. Section 1175, R. S., provides that, "whenever any lot or tract of land, . . . sold for taxes, shall have been in the actual occupancy or possession of any person, other than the owner and holder of the certificate of such tax sale, . . . for the period of thirty days or more, at any time within the six months immediately preceding the time when the tax deed upon such sale shall be applied for, such deed *shall not be issued* unless a written notice shall have been served upon the owner, or upon such occupant, by the holder of such certificate, at least three months prior thereto, stating that *he is the owner* of such certificate, and setting forth the date thereof, and giving notice that after the expiration of three months from the service thereof such deed will be applied for. . . . An affidavit showing such service, and specifying particularly the time and manner thereof, *shall be filed* with the officer whose duty it shall be to issue such tax deed, *before* such deed shall be issued; and *in no case* shall any tax deed be issued upon the certificate of the sale of land for the non-payment of taxes, *except upon proof* of the service of the notice as herein provided, when requisite," etc. Here the evidence clearly shows that such notice was requisite. But the only notice given was, that the plaintiff was the "holder" of the certificate (set forth), and that he

Potts vs. Cooley.

would apply "for a deed upon said certificate," September 1, 1879. Can the court hold that the notice given that the plaintiff was the "holder" of the certificate was equivalent to notice that he was the "owner?" Both words appear in the statute, and in such a way as to indicate a different intent in the use of the one than in the use of the other. It is to be remembered that tax titles, being under a mere naked power, are *stricti juris*.

In the language of ORTON, J., in *Hilgers v. Quinney*, *ante*, p. 62, the statute is "mandatory and imperative." In *McGohen v. Carr*, 6 Clark, 337, WRIGHT, C. J., aptly said: "Every statute authority, in derogation of the common law, to divest the title of one and transfer it to another, must be strictly pursued, or the title will not pass." In *Kellogg v. M'Laughlin*, 8 Ohio, 115, HITCHCOCK, J., speaking of the circumstances under which lands might be sold for taxes, and after quoting their statute, said: "It is conceived that a penalty so severe as this cannot with propriety attach, unless the officers of the government, its agents, have strictly complied with and fulfilled their duty." In *Mayhew v. Davis*, 4 McLean, 213, it was held that it was "necessary to show that everything was done, and how done, that is required by law to be done, to give it (the court) jurisdiction." In *Randolph v. Barbour*, 6 Wheaton, 128, Chief Justice MARSHALL said: "In summary proceedings, where a court exercises an extraordinary power under a special statute prescribing its course, we think that course ought to be exactly observed, and those facts especially which give jurisdiction ought to appear, in order to show that its proceedings are *coram judice*." *Jackson v. Shepard*, 7 Cow., 88: "In all cases where one may be divested of his estate by a proceeding under statute authority, the mode of proceeding directed is mandatory, and must be strictly complied with, or the proceeding will be utterly void." Note to Potter's Dwarris on Statutes, 224; Blackwell, 263–4.

In the case here presented, the statute absolutely prohibits

the issuing of the tax deed, except upon the service of the requisite notice. We have no disposition to question the wisdom of the statute, or attempt to do away with its provisions by construction.

This renders it unnecessary to consider the other point suggested by counsel.

*By the Court.*— The judgment of the circuit court is affirmed.