MORRIS, Respondent, vs. CARMICHAEL, imp., Appellant.

*January 12 — February 1, 1887.*

*Tax deed: Limitation of actions: Proof of publication of notice of sale.*

1. The limitation of one year prescribed in sec. 3, ch. 309, Laws of 1880, does not cure defects in the notice of a tax sale or in the proof of publication thereof, but only defects " going to the validity of the assessment and affecting the groundwork of the tax."

2. Proof that the notice of a sale was published "*for five weeks successively*, commencing on the 9th day of April, and ending on the 7th day of May, 1879," does not show a publication "*once in each week* for four successive weeks" prior to the sale on May 13, as required by sec. 1130, R. S.

APPEAL from the Circuit Court for *Chippewa* County. The case is stated in the opinion.

*W. F. Bailey*, for the appellant.

For the respondent the cause was submitted on the brief of *Hollon Richardson* and *H. H. Hayden*.

LYON, J. This action was commenced May 21, 1885, and was brought to recover the value of a quantity of pine sawlogs cut and removed by the defendant Carmichael from certain lands described in the complaint, and by him sold to the defendant The Mississippi River Logging Company, a corporation. The plaintiff recovered, and the defendant *Carmichael* (who is the real party in interest) appeals from a judgment against the defendant the logging company for the value of such logs as assessed by the jury.

The land in question was vacant and unoccupied until the defendant *Carmichael* went upon it to cut the timber. The cutting was done in the fall and winter of 1882–83. The plaintiff's claim for the timber rests for its validity entirely upon a tax deed of the land from which it was taken. The deed was executed in due form by the county of Chippewa to the plaintiff, May 17, 1882, and was properly recorded on the

same day. This deed was issued upon the tax sale of 1879 for nonpayment of the taxes of 1878. On the trial the circuit judge held that the limitation of one year prescribed by sec. 3, ch. 309, Laws of 1880, had run in favor of the tax deed, and ruled out all testimony offered by defendants to show irregularities and omissions, not only in the assessment of the tax of 1878, but in the proceedings on the tax sale.

These rulings were erroneous. The limitation of one year prescribed in sec. 3, ch. 309, Laws of 1880, only cured defects " going to the validity of the assessment and affecting the groundwork of such tax." It was held substantially in *Urquhart v. Wescott*, 63 Wis. 135, that this statute does not cure defects in the notice of sale or proof of publication thereof, because such defects do not affect the groundwork of the tax. Hence the court should have received the evidence offered to show that no affidavit had been filed in the treasurer's office showing proper publication of the notice of sale. The affidavit offered, and the only one found in the county treasurer's office, merely stated that the notice of sale was published "for five weeks successively, commencing on the 9th day of April, and ending on the 7th day of May, 1879." It is understood that the sale was advertised to take place May 13th. The statute requires such publication to be made " *once in each week* for four successive weeks prior to said second Tuesday of May." R. S. sec. 1130. It is essential to the validity of the sale and the tax deed issued thereupon, that the proof of publication of such notice filed in the county treasurer's office should show a compliance with the statute. The proof so filed in the present case fails to meet all of these requirements. If not otherwise defective, it certainly fails to show a publication of the notice of sale " once in each week " for four successive weeks prior to the sale. See *Ramsay v. Hommel*, ante, p. 12.

No statute of limitations having run in favor of the plaintiff's tax deed so far as defects in the tax sale are concerned, the court should have permitted the defendants to show the invalidity of such deed by showing fatal defects in the proceedings on the tax sale. They were not allowed to do so. This error is fatal to the judgment.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.