VOELZ, Appellant, vs. BREITENFIELD, Respondent.

*March 5 — March 22, 1887.*

FENCES. *(1) Rebuilding partition fence: Service of notice of appraisement. (2) Certificate of fence- viewers of expense. (3) Penal statute: Strict compliance.*

1. Notice of the meeting of the fence viewers to examine a fence and ascertain the expense thereof, under sec. 1397, R. S., must be served upon the owner or occupant of the land in the same way that the notice required by sec. 1393 must be served, i. e. as a summons is served in a civil action before a justice of the peace. If not so served the proceedings of the fence viewers are without jurisdiction.
2. Under sec. 1397, R. S., requiring the certificate of the fence viewers to state the "amount of the *expense* of such building," etc., a certificate stating only that the "*value* of such rebuilding is $33," is void.
3. Sec. 1397, R. S., is a highly penal statute, and its provisions must be strictly complied with.

APPEAL from the Circuit Court for *Monroe* County.

Action under sec. 1397, R. S., to recover double the expense of rebuilding a partition fence. The facts will sufficiently appear from the opinion. The cause was tried by the court without a jury, and the court, after filing its findings of fact and conclusions of law, rendered judgment dismissing the complaint with costs. The plaintiff appealed.

For the appellant there was a brief by *Morrow & Masters*, and oral argument by *Mr. Morrow*.

For the respondent there was a brief by *Bleekman, Tourtellotte & Bloomingdale*, and oral argument by *Mr. Bleekman*. To the point that there must be a strict compliance with the statute they cited, besides cases cited in the opinion: *Babb v. Carver*, 7 Wis. 124, 127; *Austin v. Allen*, 6 id. 134; *Sherwood v. Reade*, 7 Hill, 431; Cooley's Const. Lim. 61; Potter's Dwar. Stat. 224; Sedgwick on Stat. & Const. Law, 351; *McGahen v. Carr*, 6 Iowa, 331; *Kellogg v. McLaughlin*, 8 Ohio, 115.

ORTON, J. The appellant made application to two fence viewers of the town where the adjoining lands owned by him and the respondent in severalty and occupied by them in common are situated, to divide the line between them, with a view of having a partition fence upon said line built or repaired and having the share of each of said parties duly assigned. The record is silent as to whether a proper notice, lawfully served, was given of this application to the respondent. The fence viewers divided said line fence according to the application, and ordered each of said parties to build or repair their respective shares of said fence by a certain fixed time. The respondent failed to so build or repair his share of said fence within said time, and the appellant built or repaired the same. The appellant thereupon "called upon two fence viewers of said town" to examine said fence so built by him for the respondent, and

Voelz vs. Breitenfield.

ascertain the expense thereof, and said fence viewers did so examine said fence, and adjudged it sufficient, and ascertained the expense thereof, and gave the appellant and respondent each a *certificate* under their hands of such decision, and of the amount of the expense of such building or repairing, etc. The defect of this certificate complained of is that it certified to the *value*, instead of the *expense*, of such building or rebuilding.

Subd. 3, sec. 1393, R. S., requires a notice to be given by the fence viewers to each party of the first application to them to partition or divide said line fence, "*to be served as a summons is in a civil action before a justice of the peace.*" By sec. 1397, R. S., the appellant was authorized, in such a case, to call upon two or more fence viewers of the town, and they were required to examine such fence, and ascertain the expense thereof, "*after having given notice to such adjoining owner or occupant as provided in section 1393.*" This last notice was served by one of the fence viewers, and not by a constable or other officer authorized to serve a summons in a civil action before a justice of the peace.

This action was brought by the appellant against the respondent, under the authority of said sec. 1397, which gives the plaintiff the right to demand of the defendant double the amount of such ascertained expense, together with the fees of the fence viewers; and, if he shall neglect or refuse to pay the same within one month, to recover the same, with interest at the rate of one per cent. per month and costs, and the defendant's adjoining land is liable to seizure and sale upon the judgment so recovered, without exemption. After the findings of the several facts, the circuit court found, as a conclusion of law, that the certificate was not a proper or sufficient certificate of such expense upon which to base the action, and dismissed the action presumably for that reason.

This statute is a special one and highly penal, and pro-

ceedings under it must strictly comply with its provisions. *Eldred v. Leahy,* 31 Wis. 546; *Canfield v. Smith,* 34 Wis. 381; *Cohn v. Neeves,* 40 Wis. 393; *State v. Castle,* 44 Wis. 670; *Potts v. Cooley,* 51 Wis. 353, and other cases cited in respondent's brief. The first and perhaps the most fatal defect in these proceedings was the want of any legal notice to the respondent of the meeting or action of the fence viewers to adjudge the sufficiency of the fence and to ascertain the expense thereof, precedent to their certificate as the foundation of the action against him for double the amount thereof. The notice was served by one of the fence viewers by leaving a copy thereof with the respondent's wife, and no other service was made. The statute is too plainly and carefully drawn to admit of any mistake by any one competent to act under it. Subd. 3, sec. 1393 requires the first notice of the fence viewers "to be served as a summons is in a civil action before a justice of the peace." A summons in a civil action before a justice of the peace must be served (1) *by a proper officer,* as by a sheriff or a constable of the proper county. Secs. 3594, 3595, R. S. If such an officer cannot be obtained for such purpose, the justice may empower any suitable person not a party to execute the same. Sec. 3608, R. S. (2) In a particular *manner,* as "by reading the same to the defendant, and delivering a copy thereof to him when demanded, if he be found, and, if not found, by leaving a copy thereof at his usual place of abode in the presence of some one of his family of suitable age and discretion, who shall be informed of its contents," etc. This is plain enough to any one who can read. This is the only way such notice can be served; and if not served in this way it is no service at all and no jurisdiction in such a proceeding is obtained. The service of the notice above stated, by one of the fence viewers, precedent to the adjudication of the sufficiency of the fence and the ascertainment of the expense thereof, was

Voelz vs. Breitenfield.

made to comply with the provisions of sec. 1397, R. S. The language of that section, in respect to the service of such notice, is, " after having given notice to such adjoining owner or occupant *as provided in section* 1393." There can be no doubt about the meaning of this provision. It is precisely the same as if the language of sec. 1393, in respect to such service, had been repeated. The service of both notices must be precisely the same. The service of the first, "as a summons in a civil action before a justice of the peace," was necessary to give the fence viewers jurisdiction of the proceeding in the first place; and the service of the last notice in precisely the same manner was as necessary to give the fence viewers jurisdiction to adjudicate upon the sufficiency of the fence and the expense thereof. There was no such service of this notice, and therefore such adjudication and the certificate thereof were without jurisdiction, *coram non judice,* and void.

That service of a summons in a civil action before a justice of the peace by a constable or sheriff is essential and necessary, is very clearly shown by an amendment of sec. 3608, R. S., by ch. 261, Laws of 1883, which requires, in case property is seized under it, the person empowered to make the service, other than such an officer, within twenty-four hours, or as soon thereafter as may be, to deliver to some sheriff, under-sheriff, deputy-sheriff, or constable of the county, the property so seized, together with the process under which such seizure was made. It is very important, where property or property rights are involved, that the jurisdiction process and its due and proper service and a return thereof should be made matters of permanent record under official sanction. It is especially so under this proceeding, where a man's possession is invaded and a fence built upon his line by another without his consent, and he is made to pay double the expense thereof, with all the costs

of the proceeding, and his land is seized and sold therefor without the benefit of exemption as a homestead. This provision as to the service of the notice is new. Formerly the statute only required "notice to be given" in the first place, and the subsequent adjudication was without any notice. Tay. Stats. ch. 17, secs. 3, 4. The revisers' notes to this chapter of the Revised Statutes show the importance of this proceeding, and the necessity of making it strictly a matter of record like other adjudications involving property rights and penal sanctions. The adjudication and the certificate on which this action is predicated are void, and the action for that reason was properly dismissed.

We think, also, that the conclusion of law that the certificate itself of the amount of the expense of building such fence is insufficient, was correctly found. The statute (sec. 1397, R. S.) requires such certificate to state "the amount of the *expense* of such building," etc. The certificate in evidence states only that the "*value* of such rebuilding is $33," etc. This is a gross and material departure from the statute, which renders the certificate void on its face or *ipso facto*. The learned counsel of the appellant contends that the *value* is virtually the same as expense, or, if different, such word more nearly expresses the sense and intention of the provision, and that the *expense* might be incurred for an unreasonably costly and extravagantly ornamental fence, such as would be appropriate as an inclosure of a city or village lot or of the grounds about a costly mansion. By reference to the revisers' notes, it will be seen that the changes made in these provisions were intended to limit and define what should be a lawful fence, to avoid this objection. But it is sufficient that *value* is not the word used in the statute, and it is clear enough that the two words are very materially different in meaning. It is most surprising that public officers charged with the execution of such im-

portant statutory provisions, made as plain and intelligible as the English language could make them, should be guilty of such gross omissions and mistakes.

*By the Court.*— The judgment of the circuit court is af-firmed.