Dupen and another vs. Wetherby.

Dupen and another, Respondents, vs. Wetherby, Appellant.

*February 24 — March 17, 1891.*

*Tax titles: Statute of limitations.*

After the statute of limitations has run in favor of tax deeds, evidence of mere irregularities in levying the taxes, making the sales, or issuing the tax deeds is inadmissible to support the title of an adverse claimant, they being cured by that statute.

APPEAL from the Circuit Court for *Douglas* County. The case is stated in the opinion.

*George Wetherby*, appellant, in person.

For the respondents the case was submitted on the brief of *Roberts & Newkirk.*

TAYLOR, J. The respondents, the plaintiffs in the court below, were at the time of the commencement of this ac-

tion in the actual possession of the real estate described in the complaint, claiming to own the same in fee; and this action was brought against the defendant, who also claimed title to the same. The object of the action on the part of the plaintiffs was to quiet their title as against the claim of the defendant.

The plaintiffs in their complaint set out their title at length, and claim to own the land by virtue of certain tax deeds from the state and the county of Douglas to one James S. Ritchie, and as the grantees of said Ritchie, through conveyances from him or from his grantees.

The complaint alleges that four tax deeds were issued to said Ritchie: One January 1, 1871, on a tax sale made in 1867; one dated April 9, 1873; one May 14, 1880; and one dated January 24, 1880, on the sale of 1876. These tax deeds were duly recorded in the office of the register of deeds of the said county of Douglas soon after they were executed. The defendant denied the title of the plaintiff, and claimed title in himself.

On the trial the plaintiff offered in evidence her tax deed bearing date January 1, 1871, on tax sale of 1867, and also a conveyance from Ritchie to one P. H. Perkins, and from said Perkins to plaintiffs; and it was admitted that the plaintiffs took actual possession of the lands in controversy on the 1st of June, 1890, and that previous to that date the said lands were wild and vacant, and never in the actual possession of any person, except the constructive possession given by deeds recorded in the office of the register of deeds of said county. It was also admitted by the defendant on the trial "that the plaintiffs are the owners of the land described in the complaint, and in the tax deeds mentioned therein, by mesne conveyances, unless such tax deeds are shown to be void on account of irregularities and defects in the proceedings upon which such tax deeds are based, the evidence of which was excluded by the court because

barred by the statute of limitations;" and the plaintiffs admitted "that the defendant is the owner of the lands described in the complaint, unless his title has been defeated and barred by the tax deeds under which the plaintiffs claim title."

On the trial the defendant offered evidence to show that the tax proceedings upon which the tax sales and deeds were made and issued were irregular and void. All offers of evidence of that kind were objected to by the plaintiffs, and excluded by the court; the court holding that the statute of limitations had run in favor of the title under the tax deeds, and that no evidence of irregularities in such tax proceedings would avoid such deeds. It was also admitted or shown upon the trial that the tax deeds under which the plaintiffs claimed title were regular upon their faces, and properly executed and recorded. Judgment was rendered in favor of the plaintiffs, adjudging them the owners of the said lands as against any claim or title of the said defendant, and the defendant appeals to this court.

The only material question raised in this case is the question determined on the trial in the court below, viz.: Had the statute of limitations run in favor of plaintiff's tax deeds, or any of them, at the time of the commencement of this action, so as to bar the defendant from attacking the regularity of the proceedings upon which they were based? It is evident that, unless the statute of limitations had run in favor of the tax deeds, the court erred in excluding the evidence offered by the defendant on the trial. Under the decisions of this court there can be no doubt but that the three years statute of limitations had run in favor of the two deeds executed and recorded in 1871 and in 1873. See *Smith v. Sherry*, 54 Wis. 114, 122; *Milledge v. Coleman*, 47 Wis. 184; *Gunnison v. Hoehne*, 18 Wis. 268; *Lawrence v. Kenney*, 32 Wis. 281; *Oconto Co. v. Jerrard*, 46 Wis. 317; *Lindsay v. Fay*, 28 Wis. 177. And there is

Dupen and another vs. Wetherby.

no doubt but that the statute of limitations contained in sec. 1210d, R. S. 1878, had run in favor of the tax deeds issued in 1880. *Sherry v. Gilmore*, 58 Wis. 324; *Haseltine v. Simpson*, 58 Wis. 579; *McDonald v. Daniels*, 58 Wis. 426; *Hiles v. La Flesh*, 59 Wis. 465; *Urquhart v. Westcott*, 65 Wis. 135. The cases above cited, and many others which may be found in the notes to secs. 1178, 1210d, S. & B. Ann. Stats., clearly show that the statute of limitations had run in favor of the tax deeds of the plaintiffs, and that the title was vested in the plaintiffs, unless the defendant could show either that the lands were not taxable at all, or that the taxes had been paid, or a redemption from the sale had been made before the deeds were issued, or that the officers or municipality under whose authority the taxes purport to be levied had no jurisdiction, under any circumstances, to levy the tax. All mere irregularities in levying the taxes, making the sales, or in executing the tax deeds are cured by the statute of limitations, and there was no offer to show that the taxes were paid or the lands redeemed from the tax sale before the deeds were issued, or that the lands were not taxable at the time the taxes purport to have been levied thereon, and no pretense but that the county and town of Douglas had authority to tax said lands. All the offers made by the defendant to show irregularities in the proceedings were properly rejected by the learned circuit judge.

What may be shown to defeat the statute in favor of a tax deed is pointed out in the cases of *Oconto Co. v. Jerrard*, 46 Wis. 317, 325–327; *Knox v. Cleveland*, 13 Wis. 245; *Wis. Cent. R. Co. v. Lincoln Co.* 67 Wis. 478–480; *Smith v. Sherry*, 54 Wis. 114, 122, 127. As there was no offer to show any actual want of jurisdiction on the part of the taxing officers to levy taxes upon the lands in question, there was no error in rejecting the offered evidence.

*By the Court.* — The judgment of the circuit court is affirmed.