ROSENBERG, Respondent, vs. BORST, Appellant.

*November 12—December 9, 1924.*

*Taxation: Tax deeds: Affidavit of non-occupancy: Effect if false: What constitutes occupancy: Presence of substantial signboard: "For sale" notices.*

1. Under secs. 75.12 and 75.14, Stats., want of notice of an intention to apply for a tax deed invalidates the deed issued if the allegation in the applicant's affidavit of non-possession or non-occupancy of the premises is untrue. p. 224.
2. A substantial sign-board, continuously maintained and used for advertising purposes on vacant lots, and displaying the name of a bill-posting company which paid an annual rental to the owner of the lots, and "For sale" signs on the lots bearing the name of the selling agent, are sufficient notice of possession or occupancy of the premises to require notice to the owner of another's intention to apply for a tax deed. p. 225.
3. The words "possession or occupancy" in secs. 75.12 and 75.14, Stats., should not be construed as requiring an actual and continuous residence on the premises by an individual on whom notice of an intention to apply for a tax deed could be served at the premises at all hours. p. 225.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Affirmed.*

In May, 1915, plaintiff purchased two adjoining lots, each with a twenty-five foot north frontage, on Walnut street between Twenty-fourth and Twenty-fifth streets in Milwaukee, with a value at the time of the trial of about $3,000. In 1917 he redeemed the property from the then

outstanding taxes except the county taxes for the year 1912 of $6.06 on each lot.   In March, 1918, a tax deed based on such unpaid county taxes was issued by the county clerk to the defendant.   It was issued upon defendant's affidavit of March 25th reciting as to these two lots that such were not then, and for a period of thirty days or more at any time within the six months immediately preceding such application for tax deed had not been, in the actual occupancy or possession of any person or persons.

Plaintiff brought this action March 24, 1921, just prior to the expiration of three years from the date of such tax deed, to have it declared void.   Defendant counterclaimed to have it declared valid and superior to plaintiff's title. Tender by plaintiff has been made into court of the proper amount to redeem from the tax.   From the judgment in favor of plaintiff defendant appeals.

For the appellant there were briefs by *Edgar L. Wood,* and oral argument by *Mr. Richard H. Tyrrell* and *Mr. Wood,* both of Milwaukee.

For the respondent there was a brief by *Wolfe & Kolinski,* attorneys, and *K. K. Kennan,* of counsel, all of Milwaukee, and oral argument by *H. O. Wolfe.*

ESCHWEILER, J.   No notice was given to any one by defendant of his intention to apply for the tax deed, and it is conceded that if the allegation in defendant's affidavit of non-possession or non-occupancy of the premises was untrue the tax deed is void,—this concession being necessary under the statutes, sec. 75.12, formerly sec. 1175, and sec. 75.14, formerly sec. 1176, and decisions of this court.   *Potts v. Cooley,* 51 Wis. 353, 355, 8 N. W. 153; *Elofrson v. Lindsay,* 90 Wis. 203, 206, 63 N. W. 89; *Towne v. Salentine,* 92 Wis. 404, 408, 66 N. W. 395.

At the time of plaintiff's purchase in June, 1915, there was then across the front of the two lots and near the sidewalk a substantial sign-board, fifty feet long and eleven feet

high, with the words "Cream City Bill Posting Company" prominently displayed at the top. It had been there for some time before and remained there continuously thereafter, the advertisements being changed from time to time. The Cream City Bill Posting Company was a corporation with an office in the city of Milwaukee engaged in the business of erecting and maintaining similar sign-boards in many other places. It made an agreement with plaintiff in June, 1915, at an agreed rental of $15 per year, for the use of the two lots for the maintenance of said sign-board, and such rental was thereafter duly paid. There were small signs on the lots indicating that they were for sale, with the name and business address of the selling agent. The existence of such signs was known to the defendant at and prior to the time of his making his affidavit recited above.

The substantial sign-board maintained upon these premises in continued use for advertising purposes, prominent and conspicuous of itself as well as by the posters it carried, displaying the name of the company so evidently assuming responsibility for its continued maintenance, was notice to one situated as was the defendant that there was a possession or occupancy of these premises within the terms of the law. For such possession or occupancy the plaintiff owner was receiving an annual rental. As between him and the defendant it certainly could not be considered that this was vacant or abandoned property. The term "possession or occupancy," as found in such statutes, ought not to be construed as requiring an actual and continuous residing thereon by some individual upon whom and at the premises themselves the notice could at all hours be served.

The trial court was therefore clearly right in holding that the tax deed was void for want of proper notice of application for a tax deed.

This renders it unnecessary to consider other questions presented and argued.

*By the Court.*—Judgment affirmed.