CLOUSE, Appellant, vs. RUPLINGER and wife, Respondents.

*January 17—February 13, 1940.*

For the appellant there was a brief by *Haight & Beilfuss* of Neillsville, and oral argument by *Hugh G. Haight*.

For the respondents there was a brief by *Rush & Devos* of Neillsville, and oral argument by *A. L. Devos*.

ROSENBERRY, C. J.    Prior to the 2d day of August, 1938, Edward J. Ruplinger was the owner of the eighty-acre tract in question.   He acquired title in 1904 and paid the taxes from that time to the year 1932.   In the year 1933, the premises were sold for the taxes of 1932 and a certificate issued.   Like certificates were issued on each year's taxes up to and including the 1937 taxes.   The plaintiff purchased the tax certificates, and on August 2, 1938, took a tax deed upon the premises based upon the certificate of 1933.   On that day, the plaintiff filed with the county clerk of Clark county an affidavit of no occupancy upon which the deed was based. In the year 1934, the court found that Ruplinger leased the premises to Joseph Christman for an indefinite period for pasture purposes upon the condition that Christman should keep the premises properly fenced.   Christman proceeded to construct a fence on the south side of the premises and paid $25 for the repairing of one half of the partition fence on the north side.   Christman occupied the premises during the year 1934 by pasturing his cattle thereon, and he again pastured his cattle there in the year 1936.   During the year 1934 Christman constructed a corral of woven wire, approximately one hundred feet square, and within the corral built thirty stanchions for the purpose of milking cows while on the premises; that the corral and stanchions remained on the premises from the time they were erected and are still there. Plaintiff resides immediately south of the premises and has so resided for the last ten years.   The corral and stanchions are in close proximity to the south line of the property and within sight of plaintiff's home.   Plaintiff was present when they were built.   In the year 1937, Christman informed the plaintiff of his arrangements with Ruplinger.   Plaintiff,

however, claimed the right to the possession of the premises although he was advised that Christman was a tenant of the defendant Ruplinger.

The court found the value of the premises to be approximately $2,000 and the delinquent taxes at the time of the trial amounted to about $300. Defendants offered to pay the taxes and the costs and disbursements of the action.

The defendants contend that the tax deed taken by the plaintiff is invalid for the reason that no notice was served pursuant to the provisions of sec. 75.12 (1), Stats., which is as follows:

"Whenever any lot or tract of land which has been or shall hereafter be sold for taxes shall have been in actual occupancy or possession of any person, other than the owner and holder of the certificate of such tax sale or some person holding under him, for the period of thirty days or more, at any time within the six months immediately preceding the time when the tax deed upon such sale shall be applied for . . . such deed shall not be issued unless a written notice shall have been served upon the owner or upon such occupant. . . ."

No such notice was served and the question presented for decision is whether the presence of the corral and stanchions under the circumstances of this case constituted "actual occupancy or possession" within the meaning of the statute. It should be further stated that after the plaintiff had taken possession of the premises and prevented further occupancy by Christman, Christman had removed the fence on the south side of the property so that the plaintiff did not have the use of it.

It appears without dispute that Christman attempted to pasture the land in 1937. The premises were some distance from his home, and when he went up to look the ground over he discovered that it had been pastured down. He told the plaintiff that he intended to put his cattle there, but that it would be useless for him to bring his stock up because there was nothing there for them. At that time he advised the

plaintiff with respect to the arrangements with Ruplinger. Christman visited the premises at different times during 1938, but on account of it being a wet year did not need the land for pasture. In November, Christman proceeded to cut some wood on the premises but was ordered off by the plaintiff.

The purpose of requiring notice upon the occupant or person in possession before the taking of the tax deed is obvious. It makes it possible for the owner or the occupant to redeem the premises from the tax lien.

In *St. Croix Land & Lumber Co. v. Ritchie* (1891), 78 Wis. 492, 47 N. W. 657, it was held that the acts of occupancy necessary to interrupt the running of the statute must be more than occasional and temporary intrusions upon the land. They should be open and notorious and continue a sufficient time to give notice to the persons interested that a claim of right is intended by them. It is considered that this case is ruled by the principle established in *Rosenberg v. Borst* (1924), 185 Wis. 223, 201 N. W. 233. In that case, as in this, the question was whether there had been an occupancy of a kind and extent which required the service of a notice. It appeared that a substantial signboard had been maintained upon the premises, and in continued use for advertising purposes upon which the name of the advertisers appeared and for which the advertiser paid the owner compensation. Occupancy of this character was held to require the service of the notice. In this case, substantial improvements were placed upon the property which made it usable for the only purpose for which it was adapted, the pasturage of animals. It was so used whenever the licensee needed it. The erection of a corral and thirty stanchions could hardly be said to be an occupancy that was fugitive or temporary. When the tax certificate holder took possession of the premises in 1937 wrongfully and excluded the licensee Christman from the enjoyment of his rights under his license, the improvements he placed upon the property with the excep-

tion of the fence along the highway remained thereon. In this case the plaintiff had full, complete, and adequate notice that someone was claiming title to the land and occupying it until they were excluded therefrom by the plaintiff. While the statute uses the words "actual occupancy" the words are used in apposition to the term "constructive possession" or occupancy. When Christman, the licensee, took possession of the premises, erected the improvements and pastured his cattle thereon, his occupancy was actual, and by reason of the fact that the improvements remained thereon, it continued to be actual to within six months of the time of taking the tax deed.

Nor can it be said that Christman abandoned the premises, although he removed part of the fences in order to deprive the plaintiff of the use of the property. Christman went to the premises for the purpose of using them, found them in the unlawful possession of the plaintiff; that the pasture had been used up by plaintiff's stock, and for that reason did not carry out his intention to move his stock to the premises in question. He visited the premises a number of times, found that the situation remained the same, and therefore did not move his stock onto the premises. All of this was within the knowledge of the plaintiff. The plaintiff had continuing notice of the claims of Christman to the property as well as of the fact that it was occupied by improvements made by Christman for the use of the property. Because the plaintiff succeeded in driving Christman off, he is not justified in claiming Christman abandoned the premises.

Under the peculiar facts and circumstances of this case it is considered that the trial court correctly held that the occupancy and possession of the licensee, Christman, was actual. The plaintiff having failed to give the statutory notice of the taking of the deed, the deed is void.

*By the Court.*—Judgment appealed from is affirmed.

WICKHEM, J., dissents.