Stoelker and wife, Respondents, vs. Cappon, Appellant.

*September 12—October 16, 1945.*

454

*Reginald I. Kenney,* attorney, and *Giles F. Clark* of counsel, both of Milwaukee, for the appellant.

For the respondents there was a brief by *Gramling & Mc-Hugh* of Milwaukee, and oral argument by *Gregory Gramling* and *Vincent J. McHugh.*

FAIRCHILD, J.   An examination of the notices reveals that the description of the land involved is such that it can be adequately identified, and that the amount for which it was originally sold to Bernard Soref is contained in the notices.   The objections, resting upon claims of defects in description and failure to state amount, were properly overruled.

The central point of dispute is the question of whether sec. 75.12 (1), Stats., was complied with in the matter of service of the notices of application for tax deeds.   That section, at the time these transactions occurred, provided in part that whenever any lot or tract of land shall be sold for taxes, which has been in actual occupancy or possession of any person other than the owner, a deed shall not be issued unless a written notice shall have been served personally or by registered mail with return receipt demanded upon the owner *or* such occupant.   There was an admission of receipt of notice by defendant.   Sec. 75.12 (2) required that the proof of service or returned receipts be filed with the officer whose duty it is to issue

such tax deed before such deed shall issue, and a copy of proof of service or the return receipt shall be filed with the county treasurer.

The statute is in the alternative. A notice must be served on either the owner or occupant. Hence if either of the purported services is good, the statute was complied with.

Appellant contends that not only is service to be made but also that proof of service be filed, and that since the proof of service was made by a deputy sheriff who did not actually serve the notice, there is no valid service. It is true that statutory requirements must be strictly complied with in proceedings to obtain a tax deed. *McHardy v. State* (1943), 215 Minn. 132, 9 N. W. (2d) 427. But to hold that as a matter of law the statute has been breached because proof of service was made by a different officer than the one who served, although the fact of service is admitted, is to give an overwhelming weight to the letter as against the purpose to be accomplished. The purpose of the notice is to apprise the owner of the proceeding in order to give him an opportunity to redeem the premises from the tax lien. The purpose of providing for the filing of proof of service is to make sure that the notice has reached the one from whom the tax is due and eliminate the necessity of extraneous proof of such service. Here there is proof of the service of notice to the interested individual. Nothing could make the service of the notice appear to have been made, more certain then the solemn admission, by the proper person, of personal service. When this is accompanied by services of notice upon the county clerk and the agent of the county actually in charge, sufficient notice to the occupant of the premises surely appears. The building was used for county purposes. The fact that the director to whom the lease ran was an appointee of the Milwaukee board of public welfare, which is a creature of the legislature, does not alter the fact that the county, in its relief activities was, after all, the actual occupant. As respondent points out, all except one

of the members of the welfare board are appointed by the county board of supervisors; its rules and regulations are subject to change by the county board and its duties are "advisory and policy forming only," sec. 46.21 (2) (a), Stats. To deny that it is an agency of the county would result in an attempt to separate a part from the whole of an entity and an unnecessary drawing of lines between the various departments and facilities of a municipal government. It is considered that the service made was sufficient notice to the occupant.

*By the Court.*—Judgment affirmed.