IN the MATTER OF the FORECLOSURE OF TAX LIENS PURSUANT TO SECTION 75.521 WISCONSIN STATUTES BY WAUKESHA COUNTY, List of Tax for the Year 1973, Number 12, Respondent,

v.

Richard YOUNG, Petitioner.†

Court of Appeals

*No. 80–1513. Submitted on briefs March 25, 1981.—*
*Decided May 12, 1981.*
(Also reported in 309 N.W.2d 339.)

For the petitioner the cause was submitted on the brief of *Jacob A. Schwei* of *Brenner, Brenner & Frame* of Waukesha.

For the respondent the cause was submitted on the brief of *Mark S. Gempeler,* corporation counsel, of Waukesha.

Before Decker, C.J., Voss, P.J., and Scott, J.

SCOTT, J. Richard Young appeals from an order dismissing his motion to vacate a judgment which fore-

---

† Petition to review granted. HEFFERNAN, J., took no part.

closed a tax lien on a particular parcel of land. He argues that the judgment is entirely void because Waukesha County failed to give a certain Hilaria Reischl notice of the pending foreclosure action. We hold that the lack of notice to Reischl did not invalidate the judgment as to Young, and, accordingly, we affirm.

The facts are undisputed. Many were stipulated. At all times relevant to this action, a Waukesha County ordinance was in effect which adopted sec. 75.521, Stats., as the procedure for enforcing tax liens. On February 17, 1978, the County commenced an *in rem* action under that statute to foreclose its tax liens on certain real estate parcels for delinquent 1973 real estate taxes. The County commenced the action by filing a list of the parcels with the circuit court clerk. Young possessed an interest in one of the parcels as a land contract vendee. The land contract vendor was Hilaria Reischl. The land contract was executed on August 21, 1972 and recorded on August 22, 1972. The contract provided that Young would purchase the parcel for $5,000 at five percent per annum and that the unpaid balance as of the contract date was $3,400. The contract also provided:

The Purchaser covenants and agrees as follows:

1. To pay before they become delinquent all taxes and assessments, now or hereafter assessed or levied against and on the real estate described in this contract and to deliver to the Vendor receipts evidencing due payment thereof.

. . . .

In case any such taxes or assessments remain unpaid after they become delinquent, . . . the Vendor may cure such defaults, and all sums so paid shall immediately be repaid to the Vendor and shall, unless so repaid, be added to and deemed part of the purchase price, and bear interest at the rate aforesaid.

In an affidavit filed in the present action, the Waukesha county treasurer stated that her duties included

giving notice to parties regarding tax foreclosure sales. She stated that a delinquency in taxes for the years 1973 through 1977 inclusive arose as to the parcel described in the land contract. She further stated that she requested and received a report on the parcel from a title insurance company. The company's report, dated December 19, 1977, informed her that title to the parcel was vested in Young as land contract vendee, that there were no outstanding mortgages of record and that two small claims judgments were docketed against Young in favor of a certain Louis Ascher.

The list of tax liens that the County filed on February 17, 1978, pursuant to sec. 75.521(3)(a), Stats., to commence the foreclosure action contained only Young's and Ascher's names as the last owners and mortgagees of the parcel in question. The list did not contain Reischl's name. Further, the list of tax liens and the foreclosure petition that were posted at the county treasurer's office and published pursuant to sec. 75.521(6), Stats., as a class 3 notice on February 16, February 23 and March 2 similarly contained only Young's and Ascher's names. Finally, the list of tax liens and the foreclosure petition that were sent by registered mail to each owner and mortgagee of record pursuant to sec. 75.521(3)(c), Stats., were mailed only to Young and Ascher and not to Reischl. Each of these notices fixed April 13, 1978 as the final redemption date. The County made no attempt to discover the identity of the land contract vendor, Reischl, for the purpose of sending her a notice of the pending foreclosure action.

In mailing a copy of the list of tax liens and the foreclosure petition to Young, the county treasurer used Young's last known address as obtained from his 1977 tax bill. The notice was sent by registered mail, return receipt requested, on February 16, 1978. The notice was returned by the post office and stamped "Not Deliverable as Addressed. No Forwarding Order on File."

On May 10, 1978, the trial court granted judgment vesting the County with an estate in fee simple absolute in the parcel in question and foreclosing any interest or equity of redemption that any person may have had in the parcel. After the entry of judgment, the County sold the property to Howard or Marion Kaufmann on February 13, 1979. The Kaufmanns paid the County $8,500, plus the 1978 real estate taxes of $128.

On November 9, 1979, Young moved the trial court to vacate the May 10, 1978 judgment. He contended the judgment was void because the County had failed to notify Reischl of the pending foreclosure action.

In support of his motion, Young submitted an affidavit in which he stated that as of December 20, 1979, he had paid $3,200 of the principal balance on the land contract, that his semiannual interest payments were current and that he and Reischl had entered into an oral agreement whereby there was no final date by which he had to pay the principal balance. He stated that after he entered into the land contract in 1972, he never received a real estate tax bill or notice of a tax deliquency for the parcel in question. He stated that because he never received a tax bill, he assumed he did not have to pay the taxes. He further stated that he had sufficient income each year to pay any taxes and that if he had received a tax bill or notice of a tax delinquency, he would have immediately paid all delinquent taxes.

Young further stated that he first learned of the foreclosure action in late February or early March of 1979. He stated that on the same date he learned this, he met with the county treasurer and corporation counsel in an effort to pay the delinquent taxes and regain his interest in the property. He stated he met repeatedly with the corporation counsel during the next several months and that he was assured the property would be returned. He stated he then presented a $700 check but was informed that the property could not be returned.

Reischl, too, submitted an affidavit. Her statements corroborated Young's statements regarding the terms and outstanding balance of the land contract. She stated that between 1972 and March 1979, she never received any notice that the taxes had not been paid. She further stated that if she had known of 'a tax delinquency, she would have contacted Young or, if unable to contact him, she would have paid all delinquent taxes. She stated that she never executed a warranty deed transferring the property title to Young.

The trial court dismissed Young's motion to vacate the foreclosure judgment. The court concluded that the County should have given notice to Reischl but that the County's failure to do so did not invalidate the judgment as to Young. The court also ruled, "The motion to vacate the judgment having been made more than a year after entry must be deemed untimely made." We agree with the trial court in all respects, except we disagree that the motion was untimely made merely because it was made more than one year after the entry of judgment.

## TIMELINESS OF MOTION TO VACATE JUDGMENT

Section 806.07, Stats., provides:

806.07 Relief from judgment or order. (1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

. . . .
(d)  The judgment is void;

. . . .
(2)  The motion shall be made within a reasonable time, and, if based on sub. (1) (a) or (c), not more than one year after the judgment was entered or the order or stipulation was made.

Under this statute, a motion to vacate a void judgment is timely if made within a reasonable time. The one year limitation applies only to motions based on sub. (a) or (c) and not to motions based on sub. (d).

The County and apparently the trial court rely on *Rhodes v. Terry*, 91 Wis. 2d 165, 280 N.W.2d 248 (1979), for the proposition that *any* motion under sec. 806.07, Stats., must be brought within one year and, further, within a reasonable time. *Rhodes* stands for no such proposition. The case involved a motion based on sub. (a). The supreme court affirmed the trial court's decision that the motion, although brought within the one year limitation, was not brought within a reasonable time.

In the present case, Young filed a motion based on sec. 806.07 (1) (d), Stats.[1] He made the motion eighteen months after entry of judgment and seven months after he stated he first learned of the foreclosure action. We need not remand this case for the trial court to determine whether the motion was made within a reasonable time because we hold, *infra*, that the foreclosure judgment was not void as to Young.

## REQUIREMENT OF NOTICE TO REISCHL

Resolution of the issue whether sec. 75.521, Stats., requires that notice of a pending foreclosure action be given to a land contract vendor is not essential to this appeal. Nevertheless, we believe we should decide the issue. The trial court ruled on it and the parties have briefed it. Further, this case presents a good factual basis for deciding the issue.

---

[1] We have discovered no point at which Young refers to sec. 806.07, Stats. Nevertheless, we treat his motion as one pursuant to that statute because the trial court did so and because Young does not contend the trial court erred in doing so.

Section 75.521(3)(a), Stats., provides that the list of tax liens affecting a certain parcel shall include the names of the parcel's last owners and mortgagees of record. Section 75.521(3)(c) provides that a copy of the foreclosure petition and the part of the tax lien list dealing with a particular parcel shall be mailed to each owner and mortgagee of record for that parcel. Section 75.521(6) provides that the petition and tax lien list shall be posted in the county treasurer's office and published as a class 3 notice under ch. 985, Stats.

The major purpose of these subsections is to give notice of a pending tax lien foreclosure action to persons having an ownership or security interest in the land against which the action is pending. Notice is necessary to satisfy the requirements of due process. *Devitt v. City of Milwaukee,* 261 Wis. 276, 278, 52 N.W. 2d 872, 873 (1952).

We conclude that a land contract vendor is an owner within the meaning of sec. 75.521, Stats., because the land contract vendor is the legal owner of the land. The vendee is merely the equitable owner. "By execution of a land contract, the vendee becomes the owner of the land in equity, while the vendor retains legal title to secure the balance due on the purchase price." *Kallenbach v. Lake Publications, Inc.,* 30 Wis. 2d 647, 651, 142 N.W.2d 212, 214 (1966) (footnote omitted).

As legal owner of the land in question, Reischl was entitled to notice of the pending foreclosure action.

### VALIDITY OF JUDGMENT AS TO YOUNG

Young argues that the foreclosure judgment was entirely void because Reischl was not given notice of the pending foreclosure action. He argues that the notice

provisions of sec. 75.521, Stats., must be complied with to give the court jurisdiction. We hold that the foreclosure judgment was not void as to him.

The fact that part of a judgment is void does not necessarily invalidate the whole judgment. In *State ex rel. Lang v. Civil Court,* 228 Wis. 411, 280 N.W. 347 (1938), the supreme court held that part of a trial court judgment was void as being in excess of the court's jurisdiction but that another part of the judgment was valid.

One authority states that although the failure to give an interested party notice of a pending tax lien foreclosure action invalidates the foreclosure as to that party, such failure does not invalidate the foreclosure as to a party who was duly served. 72 Am. Jur. 2d *State & Local Taxation* § 925 (1974). This statement is in accord with the cases collected in Annot., 140 A.L.R. 666 (1942).

We agree with the opinion in *State Mortgage Corp. v. Garden,* 11 S.W.2d 212 (Tex. Civ. App. 1928). In that case, the plaintiff was a land contract vendee when the state brought an action to foreclose its tax lien against her land. Plaintiff was given notice of the action, but the land contract vendor was not. Plaintiff did not redeem the land, and the lien was foreclosed. The state sold the land to the defendant. Plaintiff paid the balance on the land contract and subsequently brought this action to set aside both the foreclosure judgment and the sale to the defendant. The Texas Court of Civil Appeals held that the state's failure to make the land contract vendor a party to the foreclosure action did not render the judgment void as to the plaintiff. The court stated:

"In suits for the collection of delinquent taxes, the proceeding is an action in rem against the property only. . . . We see no good reason for holding that a judgment

rendered in such a suit where all the parties in interest are not joined is not good as to those who are joined. While it is true that the law contemplates that all those who own an interest in the land shall be made parties, that requirement is exacted merely for the purpose of concluding by one judgment all those who have any interest. It is not prescribed as a necessary condition to the rendition of a valid judgment. In any event, and as to any of the part owners who may be sued, the result is the same as in any other suits to foreclose liens where different parties have an interest in the subject-matter of the litigation."

*Id.* at 213 *(quoting Adams v. West Lumber Co.,* 162 S.W. 974 (Tex. Civ. App. 1913)).

We note that Young does not cite any law which contradicts the authorities upon which our holding is based. We further note that Young does not challenge the manner in which the County gave him notice of the pending foreclosure action. He attacks only the County's failure to give Reischl the required notice.

*By the Court.*—Order affirmed.