Ellen Evelyn PRESTON, Plaintiff-Appellant,

v.

IRON COUNTY, a municipal body politic, Charles Mc-Knight, James Winans, and First National Bank of Ironwood, a national banking corporation, Defendants-Respondents.†

Court of Appeals

*No. 81–519. Submitted on briefs July 14, 1981.—Decided October 20, 1981.*
(Also reported in 314 N.W.2d 131.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *DeBardeleben & Snyder* of Park Falls.

For the respondents the cause was submitted on the brief of *John F. O'Melia, Jr.* and *O'Melia Law Offices, S.C.,* of Rhinelander.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J. Ellen Preston appeals from a judgment dismissing her action to set aside tax deeds issued by Iron County on real estate. Preston argues that (1) as vendee of a land contract she has standing to assert her own interest and the interest of the record owner, (2) the vendor of her land contract was not a necessary party to the action, and (3) the undisputed facts entitle her to summary judgment setting aside each of the tax deeds. Because we conclude that Preston is a real party in interest and has standing to assert lack of notice to the record owner, we reverse the judgment of the trial court and remand for further proceedings.

The real estate[1] was conveyed to Ellen Preston and her husband, William E. Preston, by warranty deed recorded June 30, 1959. The Prestons gave a warranty deed to William and Ruth Fenn, which was executed and recorded June 30, 1959. On May 14, 1962, the Fenns executed a warranty deed to Norman H. Weaver, which was recorded June 6, 1962. In an unrecorded land contract dated May 31, 1962, the Fenns and the Weavers agreed to convey the property to William E. and Ellen Evelyn Preston when the contract amount was paid.

---

[1] That part of the Northwest Quarter of the Northwest Quarter (NW ¼ of NW ¼), Section Nineteen (19), Township Forty-three (43), North, of Range Four (4) East, lying East of the Turtle River, in Iron County, Wisconsin.

Under the terms of the contract, the Prestons assumed the obligation for all taxes after January 1, 1962. William E. Preston died September 18, 1976.

On October 28, 1975, a tax deed for nonpayment of 1970 real estate taxes was issued to Iron County and recorded. A similar tax deed was issued and recorded October 28, 1977, for nonpayment of 1971, 1972, and 1973 taxes. Iron County executed a warranty deed to Charles McKnight and James Winans on August 1, 1978, which was recorded August 14, 1978.

Preston brought this action in circuit court seeking to set aside the ownership of the defendants, McKnight, Winans, and First National Bank of Ironwood. She alleged that the tax deeds of their grantor, Iron County, are void because the deeds were issued without notice to the owner required by sec. 75.12, Stats.[2] In count 2 of her complaint she sought ejectment of McKnight and Winans from the property and, in count 3, damages of $5,850 for conversion of her personal property on the premises.

Iron County moved to dismiss counts one and two for failure to join Norman Weaver and the Wisconsin Department of Revenue, Inheritance Tax and Income Tax Divisions. Section 803.03, Stats. Iron County also moved for partial summary judgment on counts one and two alleging that Preston's unrecorded land contract is void as against Iron County because Iron County was a good faith purchaser for valuable consideration, sec. 706.09 (1) (a), Stats., and that under sec. 706.08 (5), Stats., Preston's deed to the Fenns and their deed to Norman

---

[2] Section 75.12, Stats., requires that, prior to issuance of a tax deed, written notice be "served upon the owner, or one of the owners of record in the office of register of deeds of the county where the land is situated." The owner is to be served personally or by mail. In the event that such service cannot be given, the holder of the tax certificate may file an affidavit to that effect after which notice shall be given by publication.

Weaver are absolute conveyances and not mere mortgages of the property. McKnight and Winans joined in Iron County's motions.

Ellen Preston claimed in the trial court that she was the legal owner of the property when the tax deeds were issued. She alleged that the warranty deed to the Fenns and Weaver merely secured their security interest in the property, and that she was the owner when the application was made for a tax deed. Alternatively, she argued that as vendee of the land contract from Weaver, she is the equitable owner of the property and has standing to challenge the tax deed that purports to defeat the legal title of her vendor.

The trial court rejected Preston's "security interest" argument and found that the warranty deeds from the Prestons to the Fenns and from the Fenns to Weaver were unambiguous and had the legal effect of conveying title to Weaver.[3] It determined that Preston was thus a stranger to the record title, not entitled to notice of the applications for tax deeds, and concluded that she had no standing to bring an action to set aside the tax deeds.[4] The court also concluded that Weaver, not Pres-

[3] We do not review this conclusion since Preston's appeal is based only on her interest in Weaver's title under the land contract.

[4] According to the trial court opinion, service by registered mail on William Preston was attempted unsuccessfully prior to the tax deed dated October 20, 1975, and on Norman Weaver, also without success, prior to the tax deed dated October 28, 1977. No affidavits of inability to serve the owners were filed, and there was no publication of notice on these occasions or prior to the issuance of a correction deed dated November 3, 1977.

Statutes authorizing and regulating tax sales are construed liberally in favor of the owner. *Welsh v. Mulligan*, 251 Wis. 412, 416, 29 N.W.2d 736, 738 (1947); *Klug v. Soldner*, 228 Wis. 348, 351, 280 N.W. 350, 351 (1938). A tax title issued without strict compliance with the notice requirements of the statute is utterly void. *Potts v. Cooley*, 51 Wis. 353, 355, 8 N.W. 153, 154–55 (1881).

ton, was the real party in interest, and dismissed counts one and two.[5]

Winans, McKnight, and Iron County contended successfully before the trial court that Preston lacked standing to challenge the tax deeds. The trial court concluded that Preston had no standing by applying sec. 706.-08(1)(a) to the question of standing, reasoning that the unrecorded "conveyance" to Preston is defeated by the recorded conveyance to Winans and McKnight by Iron County.[6]

Section 706.08(1)(a), a part of the recording statute, does not affect Preston's standing. Preston is not arguing that the land contract conveys to her legal title superior to defendants' title. She alleges that the land contract gives her an equitable interest in Weaver's title, which was recorded in 1962 making it superior to defendants' title if the tax deeds are set aside. It is Preston's interest in Weaver's title, as tenant or vendee of the land contract, that gives Preston standing to bring an action to set aside tax deeds issued without notice to Weaver. Standing to contest a tax deed is not limited to the owner of record.[7] Preston has standing to assert

The trial court concluded that as a matter of law it could not consider the land contract between Preston and Weaver in any manner because the conveyance was of no force against the county's duly recorded conveyance to McKnight and Winans for value. The trial court, considering the land contract *arguendo*, found that it clearly indicated Preston would not receive title until its terms were performed, and she was not entitled to notice of the tax deeds. It concluded that she had no standing. As discussed in text, *infra*, this conclusion was error.

[5] Count three was dismissed without prejudice by stipulation of the parties after the dismissal of counts one and two.

[6] Section 706.08(1)(a), Stats., provides:

Every conveyance . . . which is not recorded as provided by law shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate or any portion thereof whose conveyance shall first be duly recorded.

[7] *C.f.* 85 C.J.S. *Taxation* § 844–45 (1954).

the lack of statutory notice to Weaver because, from the date of the land contract, May 31, 1962, Weaver held title in trust for Preston. *Ritchie v. City of Green Bay*, 215 Wis. 433, 437, 254 N.W. 113, 114–15 (1934).[8] This is the case even before Preston has paid the full purchase price. *Mueller v. Novelty Dye Works*, 273 Wis. 501, 504–05, 78 N.W.2d 881, 883 (1956); *Williamson v. Neeves*, 94 Wis. 656, 665, 69 N.W. 806, 809 (1897).

The purpose of requiring notice before a tax deed is issued is to make it possible for the owner or occupant to redeem the premises from the tax lien. *Stoelker v. Cappon*, 247 Wis. 453, 456, 19 N.W.2d 896, 897 (1945); *Clouse v. Ruplinger*, 233 Wis. 626, 629, 290 N.W. 133, 135 (1940). Because notice was not given to Weaver, as required by sec. 75.12, Preston could not have known of Iron County's application for tax deeds. Without such knowledge, she could not redeem before they were issued. Preston's interest in the property gives her standing to assert lack of notice to Weaver.

Preston is also a real party in interest in this action. A real party in interest is "one who has the right to control and receive the fruits of the litigation." *Mortgage Associates v. Monona Shores, Inc.*, 47 Wis. 2d 171, 179, 177 N.W.2d 340, 346–47 (1970). Count one of the action seeks the setting aside of the tax deeds. This benefits Weaver, who holds this title as security interest in the property. But it is of primary benefit to Preston, who has contracted to purchase the title they would

---

[8] "Such a contract clearly contemplates that the vendee shall eventually acquire the legal title, and gives it the right by continuing its payments ultimately to demand such title from the vendor. The retention of the title by the vendor is merely a security device. The vendee assumes all of the burdens of ownership, including the duty, as between it and the vendor, of paying taxes." *Ritchie v. City of Green Bay*, 215 Wis. 433, 437, 254 N.W. 113, 114–15 (1934). *See generally* Annot. 95 A.L.R. 778 (1935).

defeat.[9] Count two of the action asks ejectment of McKnight and Winans. This benefits only Preston because she has the right to possession of the property. It is of no benefit to Weaver. Preston is clearly the real party in interest in the action for conversion of her personal property. The trial court erred in holding that Preston was not a real party in interest.

Our attention has been directed to the recent case of *Foreclosure of Tax Liens v. Young,* 103 Wis. 2d 515, 309 N.W.2d 339 (Ct. App. 1981), *petition for review pending,* in which the court of appeals held a judgment of foreclosure under sec. 75.521, Stats., valid against a land contract vendee who had notice even though no notice was given to his vendor. That case does not require us to hold the tax title of Iron County valid against Preston.

Young, the vendee, was given notice through attempted service by registered mail and by publication as required by secs 75.521(3)(c) and (6). Young did not challenge the validity of his notice of the foreclosure. He argued that the entire judgment was void because notice was not given by mail or publication to his vendor. The valid and void parts of the judgment were separable because Young had received notice independent of his vendor. The standing issue raised by the present facts was not addressed.

Unlike Young, Preston did not receive notice of the applications for tax deeds. The only way in which she could have become aware of the applications for tax deeds was if notice had been given to Weaver, the vendor

---

[9] "It must carefully be noted that 'there may be as many real parties in interest as there are rights of action by substantive law.'" Clausen and Lowe, *The New Wisconsin Rules of Civil Procedure, Chapters 801 to 803,* 59 Marq. L. Rev. 1, 77 (1976) quoting Clark, *Code Pleading* § 22, at 161 (2d ed. 1947). Because of Weaver's legal title and security interest in the property, he is a "real party in interest." But Preston's lack of legal title does not prevent her from being a real party in interest as well.

and record owner, by personal service or mail, or, failing those methods, by publication as required by sec. 75.12. If that notice was not given, the tax deeds are void. They could not cut off Weaver's interest until the statute of limitations had expired without a challenge based on lack of notice. Weaver's vendee has raised that issue within the statutory period. We hold only that Preston has standing and is a real party in interest and leave the determination on the merits of her claim to the trial court on remand.

Because the relief sought in count one of Preston's petition, a declaration of invalidity of the tax deeds, would result in the restoration of Weaver's title, it is not unreasonable to suggest that Weaver be joined as a plaintiff; and, since Preston's claim is derived from Weaver, she must join him or state in her pleading the reason he was not joined. Sections 803.03(2)(a),[10] 803.03(4), Stats. Before the action is dismissed for Preston's failure to join Weaver, however, the trial court must order joinder, or, if Weaver cannot be joined, must determine whether he is indispensable. Section 803.03 (3), Stats. We leave to the trial court on remand the question whether Weaver is indispensable to the action.[11]

*By the Court.*—Judgment reversed and cause remanded.

[10] Section 803.03(2)(a), Stats., provides in part:

Any party asserting a claim based upon subrogation to part of the claim of another, derivation from the rights or claim of another, or assignment of part of the rights or claim of another shall join as a party to the action the person to whose rights the party is subrogated, from whose claim the party derives his or her rights or claim, or by whose assignment the party acquired his or her rights or claim.

[11] The trial court did not apply § 803.03(3), Stats., to the question of Weaver's joinder because it granted summary judgment based on the conclusions that Preston had no standing and was not the real party in interest. The one-year statute of limitations noted by the trial court applies only to errors or defects going to the validity of the assessment and affecting the groundwork of the

tax and does not bar a later challenge to defects in the notice
given. *Morrow v. Lander,* 77 Wis. 77, 80, 45 N.W. 956, 957 (1890);
*Morris v. Mississippi River Logging Co.,* 68 Wis. 133, 134, 31 N.W.
483, 483 (1887). Statutes of limitation may affect whether
Weaver is indispensable by preventing multiple or inconsistent
recoveries. *Kochel v. Hartford Accident and Indemnity Co.,* 66
Wis. 2d 405, 419–21, 225 N.W.2d 604, 612 (1975); *Heifetz v. John-
son,* 61 Wis. 2d 111, 123, 211 N.W.2d 834, 840 (1973). *See also*
§§ 75.27, 75.28(3), 75.29, Stats; *Dupen v. Wetherby,* 79 Wis. 203,
205, 48 N.W. 378, 378 (1891).

† Petition to review denied.