EDWARD A. WIEGNER, Secretary, Department of Revenue
You ask whether land acquired by a county under a tax deed and later conveyed to a third party by quitclaim deed remains subject to the lien of a delinquent income tax warrant filed three years before the quitclaim deed was executed.
The answer is, "No."
There are two procedures provided in ch. 75, Stats., by which a county may acquire title to tax delinquent lands by tax deed issued pursuant to sec. 75.14 (1), Stats., or by judgment entered in a foreclosure in rem proceeding, pursuant to sec. 75.521 (8) or (13) *Page 235 
(b), Stats. Section 75.14 (1), Stats., provides that the deed shall vest in the county "an absolute estate in fee simple in such land subject, however, to all unpaid taxes and charges which are a lien thereon and to recorded restrictions and redemption as provided in this chapter * * *." Although the term, "unpaid taxes and charges," is not defined by the statute, it is reasonable to conclude from the subject matter and the subsequent sections covering the foreclosure in rem proceeding that the term is intended to include property taxes subsequent to the delinquent taxes giving rise to the tax deed — which would be a lien on the property, when the taxes were delinquent — and similar special assessments, but not to include taxes for which the property owner is personally liable and which are not automatically charges or liens upon the property. The above-quoted language has been in the statute, virtually unchanged, for many years. Section 1176, Rev. Stats. 1878.
The statute providing for the foreclosure in rem proceeding, adopted by ch. 340, Laws of 1947, was amended by ch. 177, Laws of 1949, to provide that the judgment shall vest in the county "an estate in fee simple absolute in such lands, subject, however, to all unpaid taxes and charges which are subsequent to the latest dated valid tax lien appearing on the list specified in subsection (3) (b) of this section and to recorded restrictions as provided by sec. 75.14 (4) and all persons, both natural and artificial, including the state of Wisconsin, * * * who may have had any right, title, interest, claim, lien or equity of redemption in such lands, are forever barred and foreclosed of such right, title, interest, claim, lien or equity of redemption. * * * Such judgment shall have the effect of the issuance of a tax deed or deeds and of judgment to bar former owners and quiet title thereon." Section 75.521 (8). Almost identical language appears in sec. 75.521 (13) (b). By that language it is clear that "unpaid taxes" do not include income taxes, since even liens held by the state are foreclosed by the foreclosure in rem proceeding. Furthermore, the language quoted from sec. 75.521
gives to the in rem judgment the effect of a tax deed and borrows heavily from the older tax deed statute, in seeking to describe that effect.
In 35 OAG 429 (1946), it was said: *Page 236 
"* * * The law is well settled that a valid tax deed cuts off all former titles and liens. Sec. 75.14 (1), Stats.; XX Op. Atty. Gen. 409; Jarvis v. Peck, 19 Wis. *74; Cole v. Van Ostrand,131 Wis. 454, 465; Doherty v. Rice, 240 Wis. 389."
Aberg v. Moe (1929), 198 Wis. 349, at 359; 224 N.W. 132, 226 N.W. 30, while not concerned with the effect of a tax deed, contains the following comment:
"* * * The entire property, including all interests in it, is assessed to the owner of the property as defined in the statute, and the right of every person claiming any interest in the property subordinate to the fee, whether under lease, contract, or otherwise, is extinguished if the property be sold in the exercise of the taxing power. * * *"
It is my conclusion that a quitclaim deed running from the county and based upon either a tax deed issued under sec. 75.14
or a judgment in favor of the county, pursuant to sec. 75.521 (8) or (13), Stats., operates to extinguish the lien of a delinquent income tax warrant issued against the former owner of the land conveyed.
RWW:EWW