In the MATTER OF the FORECLOSURE OF TAX LIENS PURSUANT TO SECTION 75.521 WISCONSIN STATUTES BY WAUKESHA COUNTY, List of Tax for the year 1973, number 12, Respondent,

v.

Richard YOUNG, Petitioner.

Supreme Court

*No. 80–1513.  Argued February 1, 1982.—
Decided March 2, 1982.*
(Also reported in 316 N.W.2d 362.)

For the petitioner there were briefs by *Jacob A. Schwei* and *Brenner, Brenner & Frame* of Waukesha, and oral argument by *Mr. Schwei*.

For the respondent there was a brief and oral argument by *Mark S. Gempeler*, corporation counsel for Waukesha county.

BEILFUSS, C. J.   This is a review of a decision of the court of appeals affirming an order by the Circuit Court for Waukesha County, which denied petitioner Richard Young's motion to vacate a judgment foreclosing a tax lien on a parcel of real estate. The petitioner had an interest in the real estate as a land contract vendee.

In 1972, Young entered into a land contract as vendee with Hilaria Reischl as vendor of a parcel of land located in the Town of Vernon in Waukesha county. The land contract provided that Young would purchase the land

for a total of $5,000, plus five percent interest per year. The land contract was duly recorded in the Register of Deeds office for Waukesha county. The contract provided that Young was to pay all taxes and assessments on the property, but that if he failed to do so Reischl could pay any amounts due and add them to the purchase price.

A delinquency arose with respect to the real estate taxes on the land for the years 1973 through 1977. The county began proceedings to foreclose its tax lien on the property. A Waukesha county ordinance, in effect at the time, provided that the county adopted the procedures set forth in sec. 75.521, Stats. 1977, to foreclose its tax liens. The first step in the foreclosure process is that the county treasurer file a list in the clerk of court's office of the properties affected by unpaid tax liens. Sec. 75.521(3)(a)2. states that the list must contain "[t]he name or names of the last owner or owners, and the mortgagee or mortgagees of such parcel as such ownership or mortgage interest appears of record in the office of the register of deeds of the county wherein such parcel is situated. . . ."

The county treasurer received a report from a title insurance company stating that title to the property was vested in Young as land contract vendee. The only other person listed in the report with respect to the property was a Louis Ascher who had two small claims judgments docketed against Young. On February 17, 1978, the county posted the list of tax liens on the property, as required by sec. 75.521(3)(a), Stats. 1977, listing only the names of Young and Ascher as the last owners or mortgagees. Reischl's name did not appear, despite the fact that the last recorded document regarding this parcel was the land contract between Young and Reischl. No warranty deed was recorded to show a transfer of legal title from Reischl to Young.

The second requirement of the tax lien foreclosure procedure is the mailing of a copy of the foreclosure petition

and the relevant part of the list of tax liens to the last known address of each owner and mortgagee of record.[1] These notices were mailed to Young and Ascher, but not to Reischl. The mailing to Young was sent by registered mail, with a return receipt requested, to his last known address as obtained from his 1977 tax bill. The notice was returned by the post office marked "Not Deliverable as Addressed. No Forwarding Order on File."

A third requirement of this statute is that the county treasurer must publish a notice of the tax lien proceedings, including the petition and a list of the liens.[2] Publication was made in the Menomonee Falls News, but again, the list did not contain the name of the land contract vendor, Hilaria Reischl.

The final date for redemption of the land was set for April 13, 1978. No efforts to redeem were made and, on May 10, 1978, judgment was granted, transferring all right, title, and interest in the land to Waukesha county. The county later conveyed the property by quit claim deed to a third party.

Young did not learn of the foreclosure on the property until late February or early March of 1979. On November 9, 1979, Young made a motion in the trial court to vacate the foreclosure judgment on the ground that the county failed to comply with the statute by notifying

[1] Sec. 75.521 (3) (c), Stats., reads:

"A copy of the petition and so much of the list of tax liens as shall include the description of a particular parcel shall be mailed by registered mail by the county treasurer to the last known post-office address of each owner and mortgagee of record. . . ."

[2] Sec. 75.521(6), Stats., states:

"PUBLIC NOTICE OF IN REM PROCEEDING. Upon the filing of such list in the office of the clerk of the circuit court, the county treasurer forthwith shall prepare a notice that such list of tax liens and petition has been so filed and a copy thereof posted in the office of said county treasurer. The treasurer shall cause such notice, together with the list of tax liens and petition, to be published as a class 3 notice, under ch. 985. . . ."

Reischl. In an affidavit in support of the motion, Young stated that he had paid $3,200 of the $5,000 principal on the land contract, and that his interest payments were current. Under his agreement with Reischl, no final date existed by which he had to complete payments on the principal balance. After entering into the land contract he never received a tax bill for the land or any notice of a tax delinquency. Young stated that, because he never received any such notice, he assumed he did not have to pay any taxes. Had he received any notice he would have paid the taxes.

As soon as he learned of the foreclosure, Young stated that he met with the county treasurer and corporation counsel. He attempted to pay the taxes and regain his interest in the property. He met several times with the corporation counsel during the next few months and received assurances that the property would be returned to him and Reischl. However, after presenting a check for $700 to the treasurer, Young was told that he would not be able to have the property back. Subsequently, Young filed the motion to vacate the foreclosure judgment.

Reischl, the vendor, also filed an affidavit corroborating Young's statements as to the terms of the land contract. She never received any notice of the tax delinquency until March, 1979, when she received a telephone call from someone in the Waukesha County Courthouse who said that the property had been sold and that a mistake had been made. If she had received notice, she stated that she would have contacted Young, or if unable to contact him, she would have paid the taxes.

On July 3, 1980, the circuit court dismissed Young's motion to vacate the foreclosure judgment. The court ruled that the county should have given Reischl notice, but that the failure to do so did not render the judgment void as to Young. The court also held that Young's mo-

tion was not timely because it was brought more than one year after the judgment had been entered.

The court of appeals agreed with the trial court in all respects, except its ruling that Young's motion was untimely. The court held that such a motion must be brought within a "reasonable time." Merely because this motion was brought more than one year after the entry of judgment did not necessarily mean that the motion was not brought within a reasonable time. However, the court of appeals did not decide whether the motion was brought within a reasonable time because it held the judgment valid as to Young and, therefore, it did not matter when Young brought his motion.

The county argues that the trial court and the court of appeals were correct in holding that Young could not raise the county's failure to give notice to Reischl. It concedes that the statutory notice provisions of sec. 75.521, Stats., were not complied with in regard to Reischl. Despite both lower courts' holding that Reischl, as the land contract vendor, should have been given notice, the county still asserts that it was not required to notify her. But even if it erred by not attempting to notify her, the county contends that the foreclosure judgment would still be valid as to Young. According to the county, the judgment may be void as to Reischl, but valid as to Young because the statutory notice procedures were followed with regard to him.

We do not agree that such a partially valid judgment may be granted in this type of action. The taking of land by the government from an individual for failure to pay taxes on the land is a very drastic measure. Unless the statutory procedures are strictly complied with, a court has no jurisdiction to render such a foreclosure judgment.

The notice requirements of sec. 75.521(3)(a)2., Stats. 1977, apply to "the last owner or owners, and the mortgagee or mortgagees," as indicated by the records of the register of deeds. In this case the procedures were followed for the land contract vendee, but no attempt was made to comply with the statutory notice requirements for the vendor. Past cases of this court have made it clear that under a land contract, both the vendor and vendee have an interest in the land. The vendee becomes the equitable owner, while the vendor retains legal title to secure the balance of the purchase price. *Kallenbach v. Lake Publications, Inc.,* 30 Wis. 2d 647, 651, 142 N.W.2d 212 (1966) ; *Mueller v. Novelty Dye Works,* 273 Wis. 501, 507, 78 N.W.2d 881 (1956). As the holder of legal title to the property, the land contract vendor qualifies as an "owner" for the purposes of sec. 75.521. In this case, the county did not comply with the requirements of the statute when it failed to follow the notice procedures as to Reischl. She was listed as the last recorded owner on the record of the register of deeds. Legal title had not passed to Young under the land contract. In this situation, both the vendor and the vendee should have been notified of the tax delinquency. They both owned an interest in the land and had an incentive to pay the taxes and redeem the property.

The county's failure to fully comply with the statute renders the foreclosure judgment void. It is true that statutes such as sec. 75.521 are necessary and important to ensure the payment of taxes and the collection of revenue. In *Devitt v. Milwaukee,* 261 Wis. 276, 52 N.W.2d 872 (1952), we upheld this statute against the claim that it allowed the taking of property without due process. Actual notice was not required in a foreclosure proceed-

ing as long as the statutory procedures were reasonably adequate to afford the owner an opportunity to protect his property. *Devitt, supra,* at 280. However, this assumes full compliance with the statute. In *Stoelker v. Cappon,* 247 Wis. 453, 456, 19 N.W.2d 896 (1945), the court stated, "It is true that statutory requirements must be strictly complied with in proceedings to obtain a tax deed." Absent strict compliance, it would violate due process to allow such a governmental taking.

The county argues that even if the foreclosure is void as to Reischl, it is still valid as to Young because the statutory procedures were followed with respect to him. The county contends Young has no standing to assert the lack of notice to the vendor because he did receive legal, although not actual, notice. The court of appeals agreed with this position, citing cases collected in Annot., 140 A.L.R. 666 (1942). This annotation cites numerous cases which support both the county's position and the contrary position of the petitioners. We find most persuasive the reasoning of those courts which hold a tax foreclosure void if the terms of the statute have not been strictly followed. In *Jensen L.S. Co. v. Custer Co. et al.,* 113 Mont. 285, 295–96, 124 P.2d 1013 (1942), the Montana Supreme Court wrote:

"Defendants suggest that since notice was given to the owner by registered mail, the tax deed should be good as to it, even though there might possibly be an occupant as to whom it may not be good. But a tax deed is not derivative, but creates a new title in the nature of an independent grant from the sovereignty, extinguishing all former titles and liens not expressly exempted from its operation. [Cases omitted.] It is not derived from the fee, but is antagonistic to it and there is no privity between the holder of one and the holder of the other. [Case omitted.] Logically, therefore, it cannot be good as to some of the former persons interested and void as to others. Furthermore the treasurer was or was not authorized to issue the deed. It cannot, therefore, be said that he was empowered

to issue it as against certain of the parties, although not as against the others. Under the statute his jurisdiction arises solely from the affidavits of service which are filed with him, and not merely from the fact of service or from his knowledge of it otherwise than through the affidavits.[3]

We also conclude from sec. 75.521, Stats., that partially valid judgments are not permissible in this area. The statute provides that a foreclosure judgment vests in the county a fee simple absolute and cuts off any "right, title, interest, claim, lien or equity of redemption" of any person in the land. Sec. 75.521(8). This is inconsistent with the idea that such a foreclosure may grant the county good title as to one person, but not as to another. If the county strictly follows the statutory requirements then it obtains a fee simple absolute; if the county fails to comply with the statute it obtains no interest in the property.

The issue of Young's standing to assert the lack of notice to Reischl is resolved by our decision that the county's foreclosure judgment is void. Young had an ascertainable interest in the land prior to the foreclosure, still retains that interest, and may bring an action to set aside the void judgment. As the land contract vendee, Young has a direct and personal stake in the action and, as such, does have standing in a proceeding to have the judgment declared void.[4]

---

[3] *See also: In re Application of County Collector,* 30 Ill. App. 3d 757, 334 N.E.2d 273 (1975); *Burks v. Hedinger* (Iowa) 167 N.W. 2d 650 (1969); *Mayer v. Ranum,* 75 ND 548, 30 N.W.2d 608 (1947).

[4] On the issue of whether a land contract vendee has standing to assert the lack of notice of foreclosure proceedings to his vendor, we agree with the similar result reached by the court of appeals in the recent case of *Preston v. Iron County,* 105 Wis.

We also hold that Young's motion was brought within a reasonable time. Sec. 806.07, Stats., provides:

> **"Relief from judgment or order.** (1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:
>
> " . . .
>
> "(d) The judgment is void;
>
> " . . .
>
> "(2) The motion shall be made within a reasonable time, and, if based on sub. (1) (a) or (c), not more than one year after the judgment was entered or the order or stipulation was made. . . ."

We agree with the court of appeals in ruling that the one-year limitation does not apply to actions brought under sec. 806.07(1) (d), Stats. Motions claiming that the judgment is void are permissible if brought within "a reasonable time." Under the circumstances of this case, the delay in bringing this action was not unreasonable. Young contacted county officials as soon as he learned the property had been sold. He stated that he received repeated assurances during the next several months from the corporation counsel that he would be able to have the land back. At one point he was told to bring a check for $700 to pay the back taxes and the land would be returned. But upon attempting to pay this amount Young was told that the land could not be returned. In view of Young's delay in receiving actual notice, and of the negotiations with the corporation counsel,

---

2d 346, 314 N.W.2d 131 (Ct. App. 1981). That case involved the granting of a tax deed under sec. 75.12, Stats. However, we disagree with the court's attempt in *Preston* to distinguish the court of appeal's decision in *Young* on the ground that *Young* involved a partially void judgment. As stated above, a partially void foreclosure judgment may not exist in this area.

we conclude that the motion to vacate the judgment was timely.

*By the Court.*—The decision of the Court of Appeals is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.