TIMOTHY F. CULLEN, Chairperson Senate Organization Committee
You have requested my opinion on several questions regarding the acquisition of mineral interests by counties in tax delinquency proceedings. You first ask whether a county acquires the mineral interests in property in tax delinquency proceedings in two instances: (a) where one person owns both the surface and mineral rights; and (b) where one person owns the land's surface and, by reservation or separate conveyance, another person owns the mineral interests in the same land. If the answer to (b) is yes, you further ask whether a county's acquisition of such mineral interests in a tax delinquency proceeding without any notice to the owner of such interests constitutes a deprivation of due process of law. Finally, you ask whether section 70.32(1). Stats., is determinative of the treatment of severed mineral interests in tax delinquency proceedings, or is at odds with the ownership of a mineral interest as a fee simple estate, particularly in light of the provisions of 1983 Wisconsin Act 455, which deals with the preservation or lapse of such interest.
Your first question has already been addressed and answered by this office in several prior opinions. Those opinions have guided the decisional processes of local tax authorities without dissenting voice, either legislative or judicial, for many years. Based on those *Page 60 
opinions, the answer to your first question in both instances (a) and (b) is yes. In tax delinquency proceedings, a county acquires fee simple title to land, including mineral interests therein, whether severed or not.
In 25 Op. Att'y Gen. 630 (1936), an opinion which relied in part on section 70.32(1), the general statute dealing with the valuation of real estate, the attorney general concluded that, with certain noted exceptions, where ownership of the surface of lands and the ownership of the minerals underneath are in different persons, it is very doubtful that the law permits the separate assessment of the mineral rights. Other opinions have generally concluded that when the county acquires title to lands either by a tax deed issued pursuant to section 75.14 or by a judgment in a foreclosure in rem proceeding under section 75.521, the reservation of mineral rights by a former owner is cut off and the title of the county is no longer subject to such reservation. 49 Op. Att'y Gen. 77 (1960); 49 Op. Att'y Gen. 130 (1960). Although the above opinions made no reference to mineral interests severed by separate conveyance, the necessary implication is that such opinions apply to severed mineral interests in general.
The latter opinions rest in part on the general proposition that: "The law is well settled that a valid tax deed cuts off all former titles and liens. Sec. 75.14(1), Stats.; XX Op. Att'y Gen. 409; Jarvis v. Peck, 19 Wis.* 74; Cole v. Van Ostrand,131 Wis. 454, 465; Doherty v. Rice, 240 Wis. 389." 35 Op. Att'y Gen. 429 (1946). By virtue of sections 75.14(1) and 75.36(2), a county acquires an "absolute estate in fee simple in such land subject, however, to all unpaid taxes and charges which are a lien thereon . . . ." As discussed in Leciejewski v. Sedlak,110 Wis.2d 337, 348, 329 N.W.2d 233 (Ct.App. 1983):
 It has been held that the effect of a tax deed is not limited to passing that person's title in whose name the land was taxed, but is to divest all interests in the land and to vest in the grantee an independent and paramount title. [Citation.] A tax title does not connect itself with the previous chain of title, but breaks up all previous titles. [Citation.] A tax deed is not derivative, but creates a new title that extinguishes all former titles and liens not expressly exempted from its operation. [Citations.] *Page 61 
See also Leciejewski v. Sedlak, 116 Wis.2d 629, 639,342 N.W.2d 734 (1984); In Matter of Foreclosure of Tax Liens,106 Wis.2d 244, 251-52, 316 N.W.2d 362 (1982). Similarly, under section75.521, a foreclosure judgment vests in the county a fee simple absolute and cuts off any "right, title, interest, claim, lien or equity of redemption . . ." of any person in the land. Sec.75.521(8), Stats. Such a provision is inconsistent with the idea that foreclosure may grant a county good title as to one person but not as to another. In Matter of Foreclosure of Tax Liens,106 Wis.2d at 252; Leciejewski, 110 Wis.2d at 347. Section75.521(13)(b) contains a virtually identical provision applying to the judgment entered in any contested foreclosure in rem proceeding. See 62 Op. Att'y Gen. 234 (1973).
Your second question inquires as to the due process rights of the owner of a mineral interest to notice of the taking of that interest through tax delinquency proceedings.
The answer to your second question requires an examination of 1983 Wisconsin Act 455 and the recent decision in Mennonite Bd.of Missions v. Adams, 103 S. Ct. 2706 (1983), regarding notice in tax delinquency proceedings. 1983 Wisconsin Act 455 requires that severed mineral interests be registered or otherwise used within specified time periods. If the mineral interests are not registered or otherwise used, they lapse. Newly created section706.01(7m) reads:
 "Interest in minerals" means any fee simple interest in minerals beneath the surface of the land which is:
 (a) Separate from the fee simple interest in the surface of the land; and
 (b) Created by an instrument transferring, granting, assigning or reserving the minerals.
This legislation is in accord with the Wisconsin Supreme Court's recognition that mineral rights are an interest in land which may be created or transferred as any other estate in land. Chicago N.W. Transp. Co. v. Pedersen, 80 Wis.2d 566 259 N.W.2d 316
(1977).
1983 Wisconsin Act 455 provides for the recording of mineral interest claims to reflect an estate separate from the surface fee. Newly created section 706.057(7) provides:
 Upon receipt of a statement of claim . . . [under that section] in the office of the register of deeds, the register of deeds shall record the claim in a manner which will permit the existence of *Page 62 
an interest in minerals to be determined by reference to the parcel or parcels of land above the interest in minerals.
Thus, the Legislature intends that owners of separate fee simple interests in minerals registered pursuant to 1983 Wisconsin Act 455 have legally protected property interests.
Published notice of the time limit for redeeming specifically described lands sold for taxes is required in all delinquent tax proceedings. Secs. 75.07 and 75.09, Stats. Holders of registered mineral interests would receive such notice. However, newspaper publications alone may no longer suffice to satisfy due process. As stated in Schroeder v. City of New York, 371 U.S. 208, 212-13
(1962):
 The general rule that emerges from the Mullane [v. Central Hanover Bank Trust Co., 339 U.S. 306
(1950)] case is that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question.
Recently, the Supreme Court held that constructive notice to a mortgagee who is identified in the public record does not satisfy due process requirements. Mennonite 103 S. Ct. at 2711. The Court set forth how much notice was due
 Since a mortgagee clearly has a legally protected property interest, he is entitled to notice reasonably calculated to apprise him of a pending tax sale . . . . When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service. But unless the mortgagee is not reasonably identifiable, constructive notice alone does not satisfy the mandate of Mullane.
 Mennonite indicates that publication alone is constitutionally inadequate where an owner's address can readily be ascertained from public records. Where the holder of a mineral interest records such interest pursuant to 1983 Wisconsin Act 455, the holder's address can readily be ascertained by reference to the parcel of land above such interest in minerals. Sec. 706.057(7), Stats. By virtue of a recorded mineral interest, the holder possesses an interest in property protected by the due process requirements set forth in Mennonite. Thus, publication would be acceptable as notification to *Page 63 
the holder of a recorded interest in minerals only if it were supplemental to other notices given by mail.
Under the present statutory scheme, the holder of an interest in minerals registered pursuant to 1983 Wisconsin Act 455 would not necessarily receive notice of tax delinquency proceedings other than by publication.
The notices required in various delinquent tax proceedings differ, e.g., see sections 75.12(1) and 75.521(3)(c), but only published notice of the time limit for redeeming specifically described lands sold for taxes is required in all such proceedings. Secs. 75.07 and 75.09, Stats.
Section 75.12 requires that, prior to issuance of a tax deed, written notice be "served upon the owner, or one of the owners of record in the office of register of deeds of the county wherein the land is situated." The owner is to be served personally or by mail. A tax title issued without strict compliance with the notice requirements of section 75.12 would be void. Preston v.Iron County, 105 Wis.2d at 349, citing Potts v. Cooley,51 Wis. 353, 355, 8 N.W. 153 (1881). However, section 75.12 requires only that one of the owners of record be notified. The holder of an interest in minerals registered pursuant to 1983 Wisconsin Act 455 would necessarily receive notice under that statute. See sec.706.01(7m), Stats. In fact, Mennonite indicates that the Legislature should revise section 75.12 to provide written notice to the holder of a recorded interest in order to satisfy due process. It is no longer true, as was suggested in 39 Op. Att'y Gen. 595, 596 (1950), that notice served on one of the owners of record would suffice.
Under section 75.521(13)(b), a foreclosure judgment has the effect of the issuance of a tax deed. Leciejewski,110 Wis.2d at 347. The notice provisions of section 75.521 require that the list of tax liens contain the name or names of the "last owner or owners . . . as such ownership . . . appears of record in the office of the register of deeds" of the county where property is located and that notice be mailed to those persons. Sec.75.521(3)(a)2. and (c), Stats. The claim of the holder of an interest in minerals registered pursuant to 1983 Wisconsin Act 455 would appear in the office of the register of deeds. Such a holder is therefore an "owner" for purposes of section 75.521. In view of Mennonite, a county is required to mail *Page 64 
notice of the foreclosure pursuant to section 75.521(3)(e) to the last-known address of such a mineral interest "owner" of record.
The answer to your final question concerning section 70.32(1) is that although the section is determinative of the treatment of severed mineral interests in tax delinquency proceedings, the statute need not be viewed as at odds with with ownership of a mineral interest as a fee simple estate.
The assessment and taxation of a real estate parcel includes the assessment and taxation of standing timber and mineral interests in such parcel. Sec. 70.32(1), Stats. Thus, in the case of growing timber, it has long been held that such timber must be assessed to the landowner and that the sole means whereby the owner of the land can secure relief from the statutory assessment is by contract with the purchaser of the timber. Schmidt v Almon,181 Wis. 244, 194 N.W. 168 (1923). An agreement between the owner of the surface and the owner of the minerals underneath concerning the sharing of the real estate tax burden was likewise suggested in 25 Op. Att'y Gen. 630, 631 (1936). The last sentence of section 70.32(1) does provide that, for the years 1957 on, where a Wisconsin governmental unit has retained mineral rights, timber rights, etc., in real estate, the assessable value of such property shall be reduced by the value of the retained right and such retained interest shall be excepted in the assessment of the property. However, in all other cases, a tax deed or a judgment in a foreclosure in rem proceeding cuts off mineral interests in property which were taxable to the landowner. 49 Op. Att'y Gen. 130 (1960). Such mineral interests include those severed by separate conveyance as well as by reservation.
The foregoing notwithstanding, 1983 Wisconsin Act 455, enacted effective July 1, 1984, now appears to specifically recognize that interests in minerals may not only be separate from the surface of the land for ownership purposes, but may also be separately treated for purposes of registration assessment and taxation. Newly created section 706.057(2)(d) recognizes that a fee simple interest in minerals beneath the surface of the land may be preserved if "[p]roperty taxes are paid on the interest in minerals by the owner of the interest in minerals." Such language appears to accept a separate assessment and taxation of such interest in minerals, though it is not clear what existing statutory machinery is available to implement such separate treatment. For instance, while section 74.06 authorizes the local treasurer to "receive the tax on *Page 65 
any part of any lot or parcel of land or on any undivided share or interest therein which the person paying the tax will clearly define," it is said that "such statute contemplates a separation only in such instances where the same involve merely a matter of computation and not one of assessment . . . ." Schmidt,181 Wis. at 248-49. Therefore, while it may be that section 70.32(1) could now be read with section 706.057(2)(d) and interpreted as allowing for the separate assessment and taxation of any such fee simple interest in minerals beneath the surface of the land to the owner of such interest, statutory clarification and implementation by the Legislature is clearly in order.
BCL:JCM