Raymond J. Topps and Deborah J. Topps,
Plaintiffs-Appellants,

v.

County of Walworth, Wisconsin, a municipal corporation, and Kathleen M. DuBois, Walworth County Treasurer, Defendants,

Thomas G. Martin, W. Ryan Zenk and Fieldview, LLC, Defendants-Respondents.

Court of Appeals

*No. 02–0653. Oral argument December 13, 2002.—Decided January 15, 2003.*

2003 WI App 30

(Also reported in 659 N.W.2d 177.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of and oral argument by *David C. Williams* of *Allen, Harrison, Williams, McDonell & Swatek, LLP*, Lake Geneva.

On behalf of the defendants-respondents Thomas G. Martin and W. Ryan Zenk, the cause was submitted on the brief of *Lisle W. Blackbourn* and *Michael J. Frazier*

of *Godfrey, Leibsle, Blackbourn & Howarth, S.C.*, Elkhorn. There were oral arguments by *Michael J. Frazier*.

On behalf of the defendant-respondent Fieldview, LLC, the cause was submitted on the brief of *Penny G. Gentges* and *Arthur M. Moglowsky* of *Bass & Moglowsky, S.C.*, Milwaukee. There were oral arguments by *Penny G. Gentges*.

Before Nettesheim, P.J., Brown and Snyder, JJ.

¶ 1. SNYDER, J. Raymond J. Topps and Deborah J. Topps (Toppses) appeal from a judgment and orders dismissing their action against Thomas G. Martin and W. Ryan Zenk (Martin/Zenk) and Fieldview, LLC. Walworth County purported to foreclose on the Toppses' property, pursuant to Wis. Stat. § 75.521 (1999–2000),[1] after which the County sold the property to Martin/Zenk, who subsequently sold the property to Fieldview. The Toppses filed this declaratory judgment action asking the circuit court to declare the foreclosure judgment void and return the property to them because of the County's alleged failure to follow numerous procedural requirements of § 75.521. Martin/Zenk and Fieldview filed motions to dismiss the action against them, alleging, among other things, that the Toppses' exclusive remedy was under § 75.521(14a) for money damages against the County. The circuit court agreed.

¶ 2. The Toppses argue that the circuit court erroneously granted Martin/Zenk's and Fieldview's motions to dismiss them from this declaratory judgment action because Wis. Stat. § 75.521(14a)'s remedy is not available to them at all, much less as an exclusive

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

remedy. We agree and reverse the judgment and orders dismissing Martin/Zenk and Fieldview from this action.

## FACTS

¶ 3. Since the issue on appeal is whether the circuit court properly granted Martin/Zenk's and Fieldview's motions to dismiss the Toppses' amended complaint, we are required to limit our review to the facts alleged in the complaint and we must assume those facts to be true. *See Lane v. Sharp Packaging Sys., Inc.*, 2001 WI App 250, ¶ 6, 248 Wis. 2d 380, 635 N.W.2d 896, *review denied,* 2002 WI 48, 252 Wis. 2d 150, 644 N.W.2d 686 (Wis. Apr. 22, 2002) (No. 01–0708). Whether those alleged facts can withstand the rigors of a trial has yet to be determined.

¶ 4. In October 1996, the Toppses, residents of Chicago, Illinois, purchased certain real estate in Walworth county. At that time, all real estate taxes through 1995 had been paid. Because the Toppses disagreed with the assessment on their property, they failed to pay the real estate taxes in part or in full starting in 1996. The total amount of delinquent taxes due and owing on the property is less than $10,000. In the year 2000, pursuant to WIS. STAT. § 75.521, the County purported to foreclose on the Toppses' property to recover 1996 real estate taxes in the sum of $918.89. However, the County failed to publish the petition to the court as required by § 75.521(6) and failed to mail a copy of said petition to the Toppses or to the mortgagee of the property as required by § 75.521(3)(c). Furthermore, the County failed to include a description of the Toppses' property in the list of tax liens required to be filed in the clerk's office, contrary to the requirements of § 75.521(3)(am)1. In addition, on September 7, 1999, the County informed the Toppses, via a notice of

issuance of tax certificate for tax roll of 1998, that the Toppses had until September 1, 2001, to pay the delinquent taxes before the property would transfer to the County. Finally, the County failed to timely publish the redemption notice required by WIS. STAT. § 75.07.

¶ 5. On January 12, 2001, a second amended judgment of foreclosure on the property was entered. On January 29, 2001, the County issued a quitclaim deed for said property to Martin/Zenk, as tenants in common. The County failed to obtain an appraisal of the property prior to the sale, contrary to WIS. STAT. § 75.69, and sold it to Martin/Zenk for significantly less than the fair market value. On July 18, 2001, Martin/Zenk executed a warranty deed to the subject real estate to Fieldview. The Toppses had no notice or knowledge that the property had been acquired by the County until July 2001 when, while driving past the property, they noticed a sign on the property listing it for sale with Martin listed as the realtor.

¶ 6. On August 10, 2001, the Toppses filed a declaratory judgment action against the County and Martin/Zenk, asking the circuit court to declare the purported tax foreclosure proceedings by which the County and Martin/Zenk took title void for failure to comply with the provisions of WIS. STAT. § 75.521 and other provisions in the Wisconsin Statutes, as well as the United States and Wisconsin Constitutions. The Toppses claimed that both the County and Martin/Zenk would be unjustly enriched if the tax foreclosure sale was not vacated and asked the court to declare the Toppses to be the true owners of the real estate in question. An amended summons and complaint, containing the same allegations but adding Fieldview as a defendant, were filed on August 27, 2001.

¶ 7. The County, Martin/Zenk and Fieldview all filed answers to the complaint, alleging affirmative defenses. On January 7, 2002, Martin/Zenk filed a cross-claim against the County, claiming that if the foreclosure proceeding against the Toppses was void, Martin/Zenk did not have marketable title to the property and would therefore have suffered damages in defending the Toppses' action and may incur liability to Fieldview. Martin/Zenk asked for full indemnification from the County.

¶ 8. That same day, Martin/Zenk filed a motion to dismiss the Toppses' action against them. Martin/Zenk alleged that they did not have any present interest in the property nor any involvement in the asserted procedural irregularities in the foreclosure action. Martin/Zenk asked the court to dismiss the claim against them because it did not state a cause of action against them and the Toppses' remedy for any procedural irregularities was the exclusive remedy provided in WIS. STAT. § 75.521(14a). On January 15, 2002, Fieldview also filed a motion to dismiss, alleging that the complaint failed to state a claim against it, that claim preclusion prevented the Toppses from relitigating this issue and that the Toppses' exclusive remedy was that provided in § 75.521(14a).

¶ 9. On February 14, 2002, the circuit court dismissed the action against Martin/Zenk, concluding that "[t]he comprehensive remedy available to [the Toppses] under WIS. STAT. § 75.521(14a) . . . is [the Toppses'] exclusive remedy in this action, and provides only for damages against the County of Walworth. The Amended Complaint, therefore, fails to state a claim upon which relief can be granted against Defendants Martin and Zenk"; judgment was entered accordingly.

In a separate order, the circuit court dismissed the action against Fieldview on the same grounds. The Toppses appeal.[2]

## DISCUSSION

¶ 10. The Toppses argue that on the face of WIS. STAT. § 75.521(14a), the remedy of monetary damages against the County is not available as a remedy in this case, much less an exclusive remedy. The Toppses further claim that case law makes the remedy for the County's failure to comply with statutory foreclosure requirements a declaration that the tax foreclosure action is void. We agree.

¶ 11. As a question of law, we review the trial court's decision independently. *Montalvo v. Borkovec*, 2002 WI App 147, ¶ 8, 256 Wis. 2d 472, 647 N.W.2d 413, *review denied*, 2002 WI 121, 257 Wis. 2d 118, 653 N.W.2d 890 (Wis. Sept. 26, 2002) (No. 01–1933), *petition for cert. filed*, 71 U.S.L.W. 3444 (U.S. Dec. 26, 2002) (No. 02–997). We will affirm a judgment dismissing a complaint for failure to state a claim only if, upon review of the complaint, as liberally construed, it is quite clear that under no conditions can the plaintiff recover based upon the facts alleged and inferences reasonably drawn. *Id.*

¶ 12. This case involves the interpretation of WIS. STAT. § 75.521. Interpretation of a statute is subject to de novo review. *State v. Hughes*, 218 Wis. 2d 538, 543,

---

[2] The County remains a part of this action, having filed an answer to the Toppses' claim and Martin/Zenk's cross-claim, but did not participate in this appeal.

582 N.W.2d 49 (Ct. App. 1998). However, the trial court's findings of fact are reviewed under the clearly erroneous standard. *Flejter v. Estate of Flejter*, 2001 WI App 26, ¶ 34, 240 Wis. 2d 401, 623 N.W.2d 552.

¶ 13. WISCONSIN STAT. § 75.521 addresses foreclosure of tax liens by actions in rem. The specific provision in question is § 75.521(14a), which states as follows:

> **(14a)** DAMAGES. Any person who was the owner of any right, title or interest in land *which was lost by judgment of foreclosure as provided in this section* may within 2 years from the date of entry of such judgment, in the cases hereinafter mentioned other than fraud and within 6 years in the case of fraud, commence an action in the circuit court against the county to recover the fair market value of the person's interest therein at the date of entry of said judgment of foreclosure in rem. *If the court determines that such person's right, title and interest in said land was unjustly foreclosed and lost because said person's interest in such lands was not subject to taxation, special assessment, special charge or special tax at the time of the levy of the tax, assessment or charge, for nonpayment of which said lands were foreclosed, or that in fact such tax, special assessment, special charge or special tax was paid by said owner, or that the tax lien upon which the judgment of foreclosure in rem was based was barred by the statute of limitations, or if such person lost said property through fraud without fault on his or her part, the court shall determine the fair market value of said land or of said person's interest therein as hereinabove set forth.* The fair market value shall not exceed the amount arrived at by dividing the assessed valuation of such lands in the year in which such judgment in rem was entered by the percentage ratio of real estate assessments prevailing for the taxing district in which the lands were located as set forth in the equalization for state tax purposes of the same year. The court shall award

judgment to such plaintiff in such amount, together with reasonable attorney fees to be fixed by the court, and the plaintiff's costs and disbursements of such action. The amount awarded the plaintiff shall be reduced by the total amount due, as of the date of entry of such judgment, for all current taxes and upon all tax certificates held by the county on such date that the court shall find were valid. Upon payment of the judgment the county may charge back as a tax to any taxing district the amount which such district received from the county in payment of taxes and interest on said land either by distribution of proceeds of sale thereof by the county or through other payment by the county to the extent that it exceeds the amount distributable to such district had the same been based upon the payment of the taxes and interest found by the court to be properly payable at the time of the entry of the judgment of foreclosure and applied in reduction of the amount awarded to the plaintiff hereunder. (Emphasis added.)

¶ 14. Our goal in interpreting a statute is to determine and give effect to the intent of the legislature. *Dotty Dumpling's Dowry, Ltd. v. Cmty. Dev. Auth. of City of Madison*, 2002 WI App 200, ¶ 8, 257 Wis. 2d 377, 651 N.W.2d 1, *review denied*, 2002 WI 121, 257 Wis. 2d 118, 653 N.W.2d 890 (Wis. Oct. 21, 2002) (No. 01–1913). Where the language chosen by the legislature is clear and unambiguous, we give "the language its plain, ordinary and accepted meaning." *Id.* (citation omitted).

¶ 15. The plain language of the statute indicates that "[a]ny person who was the owner of any right, title or interest in land which was lost by judgment of foreclosure *as provided in this section*" may commence an action to recover the fair market value of the person's interest therein. Wis. Stat. § 75.521(14a). Ac-

cording to the amended complaint, the County only *purported* to foreclose on the Toppses' property as provided in § 75.521. According to the amended complaint, the County never validly foreclosed on the property as provided in § 75.521. Because the provisions of 75.521 were not followed, the remedies of § 75.521 were not available.

¶ 16. Furthermore, in order to recover money damages for the fair market value from the County under this statutory section, a landowner must establish that his or her right, title and interest in the land was "unjustly foreclosed and lost" due to one of the four following reasons:

1. because the person's interest in said land was not subject to taxation, special assessment, special charge or special tax at the time of the levy of the tax, assessment or charge for nonpayment of which said lands were foreclosed; or

2. that such tax, special assessment, special charge or special tax was, in fact, paid by said owner; or

3. that the tax lien upon which the judgment of foreclosure in rem was based was barred by the statute of limitations; or

4. if the owner lost his or her property through fraud, without fault on his or her part.

WIS. STAT. § 75.521(14a). The amended complaint did not allege any of the four limited circumstances which

give rise to the remedy available in § 75.521. Thus, the remedy of § 75.521 is not available to the Toppses.[3]

¶ 17. We conclude that the appropriate remedy is set forth in *Waukesha County v. Young*, 106 Wis. 2d 244, 316 N.W.2d 362 (1982). In *Young*, a land contract vendor was not provided notice of a WIS. STAT. § 75.521 foreclosure action against her property; after foreclosure judgment was granted, Waukesha county conveyed the property by quitclaim deed to a third party. *Young*, 106 Wis. 2d at 246–47. Young, the land contract vendee, sought to vacate the foreclosure judgment, arguing that the county had failed to follow numerous notice provisions of § 75.521. *Young*, 106 Wis. 2d at 247–48. The trial court dismissed Young's motion to vacate the default judgment and we affirmed. *Id.* at 248–49. The Wisconsin Supreme Court disagreed and reversed.

██

¶ 18. The *Young* court held that WIS. STAT. § 75.521 statutory requirements must be strictly complied with in proceedings to obtain a tax deed. *Young*, 106 Wis. 2d at 251. A tax deed is not derivative but creates a new title in the nature of an independent grant from the sovereignty, extinguishing all former titles and liens not expressly exempted from its operation. *Id.*

¶ 19. The taking of land by the government from an individual for failure to pay taxes on the land is a

---

[3] Fieldview contends that reason four, property loss through fraud, applies in that the County obtained the foreclosure judgment against the Toppses by fraudulently representing to the circuit court that it had complied with the statutory requirements. We are not persuaded. The Toppses' amended complaint does not raise the issue of fraud nor does the circuit court record address the issue.

very drastic measure and unless the statutory procedures are strictly complied with, a court has no jurisdiction to render such a foreclosure judgment. *Id.* at 249. Absent strict compliance with the statute, it would violate due process to allow such a governmental taking. *Id.* at 251. The County's failure to fully comply with the statute renders the foreclosure judgment void. *Id.* at 250. Here, the amended complaint alleges numerous failures on the part of the County to fully comply with WIS. STAT. § 75.521. If true, these failures would render the foreclosure judgment void, thereby making the transfers to Martin/Zenk, and the subsequent transfer to Fieldview, equally void. The circuit court erred in concluding that § 75.521(14a) was the exclusive remedy available to the Toppses and thereby dismissing Martin/Zenk and Fieldview from this action.

## CONCLUSION

¶ 20. WISCONSIN STAT. § 75.521(14a) is not the exclusive remedy available to the Toppses; in fact, § 75.521(14a) is not a remedy available at all to the Toppses. If the allegations in the amended complaint prove to be true, that the County failed to strictly follow the mandates of § 75.521, to avoid any due process violations the only appropriate remedy is to declare the foreclosure action and judgment void. We therefore reverse the foreclosure judgment and orders of the circuit court dismissing Martin/Zenk and Fieldview.

*By the Court.*—Judgment and orders reversed and cause remanded.